BREAUX, C. J.
This suit was brought originally before the Pirst city court of New Orleans to recover of defendant, the respondent here, the sum of $55.
The late Judge Paquet, presiding judge of the city court, dismissed the suit. On appeal to the Court of Appeal for the parish of Orleans, the presiding judge, by whom the appeal was heard, reversed the judgment and rendered judgment in favor of plaintiff. In order to have that judgment reviewed and reversed, the case was brought up to this court on the application before mentioned.
Originally the evidence was not reduced to writing in either the city court or the Court of Appeal, as it is not required, nor expected. Prom this it results that the relator is asking for the annulment of a judgment rendered upon the testimony which is not before this court, and the whole case is based upon oral testimony.
Respondents in the first place deny that the facts are as alleged, and invoke the authority of the several decisions in which it was held that it is presumed as a matter of law, where no evidence is in the record, that the judgment appealed from is correct.
After having argued from that point of view, the respondents go a step further and take up the allegations in the pleadings without admitting their correctness.
With reference to the claim of $50, amount appropriated by defendant as “funeral benefits,” respondent states that .in accordance with section 3, article 6 of the by-laws, in the event of the death of a brother of the lodge, that sum shall be appropriated as “funeral benefits”; and further states that the evidence showed that the members of the defendant lodge had been assessed to pay this amount, and that it had been actually collected for the purpose of defraying tbe expenses.
That is practically admitted by relator, but its contention is that it was subject to the action of some committee, and that the lodge, after the amount had been collected, as well as the committee, for the reason that they had not been permitted by the family to take charge of the funeral services, determined not to pay the funeral expenses.
There is not a word of evidence of all this before us.
As relates to the $5, there is also an absolute want of evidence, save, as we infer, that members were entitled to' collect an amount each week, and that this amount was due to the member for the week that he had been ill. It was an amount to which he was entitled, and which his heirs inherited.
It is virtually admitted, as we take it,, that respondent paid the funeral expenses. We think that they are entitled to a payment to them of the amount which the Court of Appeal condemned them to pay.
*540 For these reasons, it is ordered, adjudged, and decreed that the rule nisi which was issued in this ease is recalled and discharged, and relator’s petition is dismissed at its cost.