(63 South. 883.)

No. 19,739.

BOYD v. BRADLEY.

(Dec. 15, 1913. Rehearing Denied Jan. 5, 1914.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 907*) — RECORD — AFFIRMANCE.

Where the record filed in this court contains a complete and full certificate of the clerk of court, saying that the transcript contains a true and correct copy of the documents and evidence filed on the trial of the cause, and there is no evidence, bill of exceptions, statement of facts or assignment of errors, the judgment will be affirmed, on the presumption that the lower court acted on proper evidence. Code of Practice, 896; Nugent v. Stark, 34 La. Ann. 628, 631; Hefner v. Hesse, 26 La. Ann. 148; State v. De Monasterio, 26 La. Ann. 734; Graham v. Rice, 23 La. Ann. 393; State v. Campbell, 23 La. Ann. 445; Simmons v. Howard, 23 La. Ann. 504; Parham v. Ogle, 22 La. Ann. 73; Citizens' Bank v. Bringier, 22 La. Ann. 118; In re Fazende & Seixas, 35 La. Ann. 1145, and authorities there cited.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Action by Mrs. Leila Boyd, wife, against John J. Bradley, husband. Petition to dismiss appeal denied, and judgment affirmed.

Taylor & Gremillion, of Crowley, for appellant. Smith & Carmouche, of Crowley, for appellee.

SOMMERVILLE, J. There is an unsigned and incomplete petition to dismiss the appeal found in the record, filed more than three days after the transcript of appeal was filed in this court, which comes too late. The petition to dismiss is denied.

An examination of the record shows that it contains no bill of exceptions, statement of facts, assignments of errors, or note of evidence. But there is the certificate of the clerk of court showing "that the within and foregoing 11 pages contain a true and correct transcript of all documents filed (and) proceedings had on the trial of the exception of want of citation filed in the above numbered and entitled cause," and this is the only requirement found in the record which prevents a dismissal of the appeal.

After making the above certificate the clerk of court made an affidavit, which has been filed in this court, setting forth that—

"there was testimony taken in the case of Mrs. Leila Boyd, Wife, v. John J. Bradley, Husband, and that same was omitted from the transcript by error or oversight."

But we cannot consider the affidavit as evidence, in view of the fact that it was filed after the motion to dismiss might have been filed; and we cannot base a judgment upon it. No evidence is before us.

It is the settled jurisprudence of the state that where a record does not contain a bill of exceptions, statement of facts, assignment of errors, or note of evidence, but a full and complete certificate of the clerk of court, the judgment appealed from will be affirmed, on presumption that the lower court acted on the proper evidence. Code of Practice, 896; Nugent v. Stark, 34 La. Ann. 628, 631; Hefner v. Hesse, 26 La. Ann. 148; State v. De Monasterio, 26 La. Ann. 734;

Graham v. Rice, 23 La. Ann. 393; State v. Campbell, 23 La. Ann. 445; Simmons v. Howard, 23 La. Ann. 504; Parham v. Ogle, 22 La. Ann. 73; Citizens' Bank v. Bringier, 22 La. Ann. 118; In re Fazende & Seixas, 35 La. Ann. 1145.

Judgment affirmed.