No. ——

First Circuit Appeal

------

J. R. WATKINS COMPANY v. S. A. BANKSTON, ET AL.

------

(Feb. 18, 1925, Opinion and Decree.)

------

(*Syllabus of the Editor.*)

1. **Louisiana Digest—Appeal—Par. 598; Evidence—Par. 46.**

A judgment confirmed by default is presumed to have been rendered on proper evidence.

2. **Louisiana Digest—Appeal—Par. 568, 571, 607.**

Issues not raised in the trial court cannot be passed upon on appeal. Where there was judgment confirmed on default there are no issues to pass upon.

Appeal from the Parish of Tangipahoa. Hon. Columbus Reid, Judge.

This is an appeal from a judgment confirmed on default.

There was no note of evidence in the record. Judgment affirmed.

Lindsey McDougal, of Ponchatoula, attorney for plaintiff, appellee.

S. S. Reid, of Amite, attorney for defendant, appellant.

LECHE, J. This case was remanded for the purpose of taking evidence on the question of acquiescence in the judgment, which acquiescence was pleaded as a ground for dismissal of defendants' appeal.

Instead of taking evidence, the parties have agreed in writing, "that the motion to dismiss and plea of acquiescence be withdrawn and that the case be submitted on the question of validity of the contract sued in this case".

The judgment appealed from was obtained on a confirmation of default. The record contains no note of evidence, but we must assume that the trial judge did not permit the default to be confirmed and did not give plaintiff a judgment without having heard evidence and the law is that such judgment is presumed to have been rendered on proper evidence. Shreveport vs. Maroun, 134 La. 148, 63 South. 857; Boyd vs. Bradley, 134 La. 233, 63 South. 883; Wilson vs. Ivy Lodge, 116 La. 537, 40 South. 864.

It was the evident purpose of counsel, in withdrawing the motion to dismiss the appeal, which motion was based upon acquiescence, to obtain a ruling as to the validity of the contract of sale, a copy whereof is annexed to plaintiff's petition. Counsel in argument say that this court, in a case decided June 9, 1924, Watkins vs. Russel, held a similar contract unenforcable in this State, in view of Sec. 12 of Act 56, p. 143, of 1914.

The cited Act of 1914 regulates the practice of medicine, surgery and midwifery, creates State Boards of Medical Examiners prevents the practice of medicine, surgery and midwifery by unauthorized persons, etc., and Section 12 thereof, imposes a penalty by fine or by imprisonment upon any itinerant vendor of any drug, nostrum, ointment of any kind, intended for the treatment of disease or injury, who may profess to cure or treat disease or deformity, etc.

We have not before us, the record of the case said to have been decided by this court on June 9, 1924, nor have we any copy of the opinion and decree said to have been rendered in that case. The opinion in the Russel case was no doubt based upon facts which do not appear in the record of the present case.

In the present case there was no question raised in the trial court, as to the legality and validity of the contract, for there was no joinder of issue by exception or by answer. We therefore could not pass upon that issue on this appeal, unless the contract should for some reason apparent on its face, appear to be an absolute nullity. We can discover no reason for so holding. The plaintiff is a resident of the State of Minnesota. The contract is in regard to goods and articles, the nature of which is not disclosed. It may be questioned whether the contract is one of sale or one of agency, but that issue is not raised by the pleadings.

The defendants are residents of Ethel, and Hammond, Louisiana, and we must assume under the law, that evidence was adduced showing the indebtedness of the defendants as awarded to plaintiff in the judgment from which this appeal was taken.

Judgment affirmed.