No.——

First Circuit

AMITE HARDWARE COMPANY v. PIERCE

(February 15, 1928. Opinion and Decree.)
(June 12, 1928. Opinion and Decree on Rehearing.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Appeal—Par. 597.**
Where an audit of books would be necessary to determine the value of stock, and there is nothing in the evidence to show the value of the stock, the judgment appealed from is presumed correct and will be affirmed.

Appeal from the Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by Amite Hardware Company against C. B. Pierce.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

A. S. Burns, of Ponchatoula, attorney for plaintiff, appellee.

Amos L. Ponder, of Amite, attorney for defendant, appellant.

LECHE, J. The present suit is for the recovery of a claim founded upon an open account. There is little if any difference between the parties as to the correctness of the account. Both parties admit that plaintiff corporation was to accept in part payment, a share of its stock held by defendant and the controversy between the parties mainly involves the amount of credit due defendant for that share of stock. It was understood between the parties that defendant upon delivering and transferring the share of stock to plaintiff, was to receive credit in a sum equal to the value of the stock, but the parties could not agree upon such value, and on trial of the case the District Court held that it was worth three hundred twenty-five dollars.

Defendant has appealed.

We have searched the record in vain for a note of evidence and therefore cannot say whether the finding of the District Court on that subject is in our opinion, erroneous. Under these circumstances we can only affirm the judgment.

A judgment appealed from, in so far as founded on facts cannot be reviewed by this Court in the absence of the facts, and can only be affirmed as presumably cor-

rect. Durke & Broussard vs. Crane, 112 La. 157, 36 So. 306. See also Wilson et al. vs. Ivy Lodge, 116 La. 537, 40 So. 864; Boyd vs. Bradley, 134 La. 223, 63 So. 883; Manning vs. Shaw, 154 La. 717, 98 So. 163; Stout vs. Henderson, 157 La. 169, 102 So. 193.

It is therefore ordered that the judgment appealed from be affirmed.

---

ELLIOTT, J. Amite Hardware Company, Ltd., brought suit against Charles B. Pierce for $766.32 on account. The defendant for answer alleged that the account sued should be for $659.42, instead of the amount alleged by the plaintiff, and that same had been settled to the extent of $571.33 by an agreement between him and W. M. Schilling, president of the plaintiff, whereby said Schilling agreed to take a share of stock with defendant held by plaintiff, at its book value, which was $571.33, the difference to be paid in cash. That the amount he owed, credited as above stated, left a balance of $167.09, and in payment of the same, he tendered in court the sum of $200.00 to cover the amount and the cost.

The Court rendered judgment in favor of the plaintiff on account as prayed for, and subject to certain reservations, directed that defendant have credit for $325.00 on account of his stock. The defendant appealed.

The amount claimed by plaintiff on account was not disputed by defendant on the trial as a witness. The lower court rendered judgment in plaintiff's favor and the evidence does not justify changing the amount.

The serious dispute between the parties on the trial was in regard to the amount of credit which defendant should have on account of his stock.

At the time of plaintiff's organization, about twenty years ago, its capital consisted of sixty-one shares of paid-up stock at one hundred dollars per share. W. M. Schilling took and held all the stock except three shares, one of the three belonging to said Pierce. Mr. Pierce was also plaintiff's secretary and general manager, and also its bookkeeper for many years following its organization, but for the last several years another party was employed as bookkeeper.

At the time defendant retired from his connections with plaintiff, Mr. Schilling agreed to take his share of stock and the price was to be credited against his account, but Schilling denies that he agreed to take it at the book value which defendant alleges and contends the agreement was, that it was to be credited on defendant's account at its actual worth and that it was not worth the amount claimed by defendant.

The defendant, who sets up an agreement in exoneration of a liability, carries the burden of proof as to the fact of his exoneration. Civil Code, Art. 2232.

The defendant produced a statement of plaintiff's assets and liabilities which purports to show that on March 16, 1926, on which day he retired from the business, his share of stock was worth $571.33 1/3.

Plaintiff's bookkeeper at the time testifies that in making up this statement all bad debts and doubtful book assets were left out and not included. Mr. Pierce, however, when all he says on the subject is considered, does not take the position that there had been a definite agreement between him and Mr. Schilling as to the value of his stock; his testimony is rather

to the effect that no definite agreement was ever reached on that subject.

Plaintiff's bookkeeper at the time defendant retired from his business, called as a witness and questioned in regard to a conversation which he had with Schilling about his agreement with defendant, says, in repeating what he said to Mr. Schilling, that Mr. Pierce wanted Mr. Schilling to take his share of stock at its face value. Schilling testifies that the agreement was that he was to take it at its actual value. He is corroborated to some extent by plaintiff's present bookkeeper, and by his attorney. They state, in effect, that Mr. Pierce, in a conversation with them did not claim that Schilling had agreed to credit his account with the value which the books under his management showed his stock to 'have. Another corroborating circumstance is the fact that when Pierce retired from the business, his share of stock was at the Security Bank, and he has not seen it since. It was never transferred to nor delivered to Schilling. Defendant says that Schilling never asked for it, and he was not sure that Schilling knew where it was. He was not asked to, and therefore did not explain why the stock had been left at the bank.

The defendant has not established his contention, but he is entitled to credit subject to the reservation stated in the judgment appealed from, for the actual value of the stock at the time he left the business. Its actual value at that time is left by the evidence in uncertainty. The business had run down, its credit was impaired, and its assets reduced. It owned unencumbered real estate, but the actual value thereof is in doubt.

The District Judge in acting on the matter, fixed the value of defendant's share of stock at $325.00.

An audit of plaintiff's books and an appraisement of all its property and effects by competent disinterested parties, the values relating back to March 16, 1926, would be necessary to enable us to intelligently review the judgment appealed from on that question.

It is our belief that the judgment appealed from does substantial justice to the parties on all the issues in the case, and therefore the same should not be interfered with.

Judgment affirmed, defendant and appellant to pay the costs in both courts.