No. 4003

Second Circuit

———

CHESTINE LAND CORP. v. SCHULER

———

(November 18, 1931.  Opinion and Decree.)

———

Aubrey M. Pyburn, of Shreveport, attorney for plaintiff, appellee.

Jas. W. Jones, of Natchitoches, attorney for defendant, appellant.

ON MOTION TO DISMISS THE APPEAL

McGREGOR, J.  This is a petitory action wherein plaintiff prays to be recognized as the owner of a certain tract of land in Natchitoches parish and to be placed in possession of the same.  The defendant alleges his ownership to the same tract of land by virtue of having entered it under the homestead laws of the United States, and alleges further that, after he had thus entered the land, he made improvements thereon costing and valued at the sum of $845, all with the knowledge of, and without any objection from, the plaintiff.  He prayed that the plaintiff's demands be rejected, and in the alternative that, if the plaintiff should be decreed to be the owner of the land in controversy, there should be judgment in reconvention in his (the defendant's) favor for the sum of $845, the value of the improvements.

On trial of the case, there was judgment in favor of the plaintiff recognizing it to be the owner of the land and entitled to the possession thereof.  There was also judgment in favor of the defendant for the sum of $510 for his improvements.  Plaintiff was given thirty days in which to elect whether it would pay the amount of the judgment for the improvements or permit the defendant to take possession of and remove them from the premises.

Orders of appeal were granted to both parties; the devolutive appeal bond being fixed at $150 and the suspensive "according to law."  The defendant alone perfected an appeal by making and filing a bond in the sum of $150.  In the body of the bond it appears to be styled as both suspensive and devolutive.  Plaintiff has filed a motion to dismiss the appeal, for two reasons, to-wit:  (1) That the trial

court did not fix the amount of the suspensive appeal bond to be given by the defendant; and (2) that the transcript of appeal lodged in this court does not contain the testimony taken on the trial of the case.

It is true that, as to the defendant, the court should have fixed the amount of the suspensive appeal bond, but the amount of the devolutive appeal bond was fixed, and the defendant made and filed a valid bond in that amount. In so far as the bond is concerned, therefore, the defendant's appeal is certainly good as a devolutive appeal, though not as a suspensive. The transcript of appeal contains a considerable number of documents filed in evidence, on which the trial court appears to have based its judgment. We have not been told what evidence has been left out of the transcript.

While the appeal bond of the defendant refers to the fact that both suspensive and devolutive appeals were granted to him, since he has made bond in the sum fixed by order of the court for the devolutive appeal, we are not necessarily justified in concluding that he is contending for a suspensive appeal, particularly since no appearance was made for him on the trial of the motion to dismiss, but, in order to keep the record straight, we have decided to sustain the motion to dismiss, in so far as the defendant might be contending for a suspensive appeal.

It is therefore ordered, adjudged, and decreed that the appeal of the defendant, in so far as it may be contended for as a suspensive appeal, be, and the same is hereby, dismissed, but as a devolutive appeal it be recognized and sustained and remain on the docket of the court.