No. 4003

Second Circuit

(Second Division)

—

CHESTINE LAND CORP. v. SCHULER

—

(March 16, 1932. Opinion and Decree.)

—

See, also, 19 La. App. 123, 137 So. 793.

Aubrey M. Pyburn, of Shreveport, attorney for plaintiff, appellee.

James W. Jones, of Natchitoches, attorney for defendant, appellant.

STEPHENS, J. This is a petitory action, in which the plaintiff relies on a record

title and prescription of ten and thirty years. It alleges that the defendant is in the actual physical possession of the property, without title, or right to remain therein; and prays that it be decreed the true and lawful owner of the property and entitled to the full and undisturbed possession thereof.

The defendant answered, alleging ownership of the land by virtue of a homestead entry under the laws of the United States. He further averred that, after having entered the land and taken possession thereof, he made improvements thereon in good faith, with full knowledge of plaintiff, and without objection from it, at a cost of $845. He prayed that plaintiff's demands be rejected, and, in the alternative, that if the plaintiff should be decreed the owner of the land in dispute, that there should be judgment in reconvention in his favor and against the plaintiff for said sum of $845, the alleged value of the improvements.

A trial of the case resulted in a judgment in favor of the plaintiff, recognizing it to be the owner of the land, and entitled to its possession; and further judgment in favor of the defendant on his reconventional demand in the sum of $510.

The defendant appealed, both suspensively and devolutively, but on motion of plaintiff the suspensive appeal was dismissed by this court on November 18, 1931. Chestine Land Corporation v. Schuler, 19 La. App. 123, 137 So. 793.

The record in this case contains the usual formal certificate of the clerk of the district court, as follows:

"This is to certify that the within and foregoing pages contain a true, complete and full transcript of all papers filed, all evidence adduced and all proceedings had."

The record, in fact, contains no evidence whatever which may be officially recognized as such. It contains no note of oral evidence adduced, nor does it indicate in any manner that the documents contained therein were ever offered or filed in evidence. The record contains no statement of facts, bill of exception, nor assignment of error.

It is presumed that the trial court acted upon proper and sufficient evidence.

It was stated in Boyd v. Bradley, 134 La. 223, 63 So. 883:

"It is the settled jurisprudence of the state that where a record does not contain a bill of exceptions, statement of facts, assignment of errors, or note of evidence, but a full and complete certificate of the clerk of court, the judgment appealed from will be affirmed, on presumption that the lower court acted on the proper evidence. Code of Practice, 896; Nugent v. Stark, 34 La. Ann. 628, 631; Hefner v. Hesse, 26 La. Ann. 148; State v. De Monasterio, 26 La. Ann. 734; Graham v. Rice, 23 La. Ann. 393; State v. Campbell, 23 La. Ann. 445; Simmons v. Howard, 23 La. Ann. 504; Parham v. Ogle, 22 La. Ann. 73; Citizens' Bank v. Bringier, 22 La. Ann. 118; In re Fazende & Seixas, 35 La. Ann. 1145."

The motion to dismiss the appeal above referred to was tried on October 1, 1931. Therein the appellant's attention was directed to the absence from the transcript of the note of evidence. The defendant-appellant made no effort to complete the transcript, although the case was not heard on its merits here until January 11, 1932. In fact, the defendant-appellant has made no appearance in this court since the filing of the appeal.

The judgment appealed from should be affirmed, and it is so ordered.