On January 24, 1942, defendant, Frank F. Rachal, was indebted unto the plaintiff, The J. R. Watkins Company, to the extent of $1,767.09 for merchandise the company had delivered to him under contract and which defendant, presumably, had sold and for which he had not paid. On said date defendant and the plaintiff entered into a new written contract wherein defendant acknowledged that he was due to plaintiff said amount and promised to pay same in amounts satisfactory to the company; and further agreed that at the termination of the new contract he would pay any balance thereon then remaining unpaid.
The mentioned contract contained many clauses and conditions designed to govern and control the relation of the parties thereto, the greater part of which devolved upon Rachal who is denominated therein as purchaser. The company bound and obligated itself, conditioned upon Rachal complying with the obligations therein assumed by him, "to sell and deliver to him at its current wholesale prices * * * such goods and other articles manufactured or sold by it, as the purchaser may reasonably require for sale * * * until the first day of April, 1945." Rachal agreed to remit to the company each week at least 60% of the amount received by him from cash sales.
In consideration of the promises of the company in said contract, especially those whereby it obligated itself to sell and deliver to Rachal the goods and other articles as therein provided, and the extension of the time of payment of the indebtedness then due by him to the company, W.H. Jones, Eugene Kerry and J.S. Rachal, as sureties, jointly, severally and unconditionally promised, agreed and guaranteed to pay said indebtedness, *Page 872 
and likewise they promised and agreed to pay for all goods and other articles thereafter sold and delivered by the company to Frank F. Rachal, in default of him so doing.
The company and Frank F. Rachal continued to do business under said written agreement to a time not definitely shown. He made payments on the account in the latter part of 1943 and in 1944, apparently after he had ceased to receive goods from the company. The total of the credits earned by him subsequent to signing of the contract was $2,496.88, but on July 7, 1945, he still owed the company a balance of $778.04 for which he and said named sureties are sued herein.
It is admitted that if there is any liability by defendants to the plaintiff, $778.04 is the amount thereof. But the defendants deny legal liability to plaintiff for any amount and for a basis of this defense, plead:
"Further answering it is shown that Plaintiff company is engaged in the manufacture and sale and distribution of patent medicines and that the contract that gave rise to this suit was one to sell and distribute patent medicines and that this is unlawful in view of the fact that it violates Act 56 of 1914, Sec. 12 particularly."
Subsequent to trial and submission of the case, but prior to rendition of judgment therein, plaintiff by special plea attacked Section 12 of Act No. 56 of 1914 as being unconstitutional in that the title of the Act (as required by Section 16 of Article III of the Constitution of 1921) does not indicate that the Act contains provisions that are embraced in the attacked section; in other words, that the body of the Act (Section 12) is broader than its title. In the alternative, plaintiff pleads that said Section 12 has been superseded by Act No. 43 of 1942, known as the Louisiana Criminal Code.
The plea of unconstitutionality was referred to the merits of the case but was not passed on by the lower court. The alternative plea was likewise treated.
[1] Section 12 of Act No. 56 of 1914 reads as follows:
"Be it further enacted, etc., That any itinerant vendor of any drug, nostrum, ointment or application of any kind, intended for the treatment of disease or injury, or who may by writing, print or other methods, profess to cure or treat disease or deformity by any drug, nostrum, manipulation, or other expedient in this State, shall if found guilty, be fined in any sum not less than twenty ($20) dollars and not exceeding one hundred ($100) dollars for each offense, to be recovered in an action of debt, before any court of competent jurisdiction, or shall be imprisoned for a term of not less than ten (10) days or more than thirty (30) days, or be both fined and imprisoned."
A plea of unconstitutionality, identical with the present one, was considered and rejected by the First Circuit in the case of J. R. Watkins Co. v. Brown et al., reported in 13 La. App. 244, 126 So. 587. Judge Mouton, as the Court's organ, gave clear, lengthy and convincing reasons to support the view that the section was not vulnerable to the plea. The Supreme Court denied writ of certiorari or review in the case, holding that the judgment sought to be reviewed was Correct. We feel that further comment or discussion of the plea under consideration in this case, in view of the above mentioned action of the First Circuit and of the Supreme Court, is unnecessary. Therefore, the plea of unconstitutionality tendered herein is overruled.
[2] Counsel for appellant has not briefed the alternative plea filed by him. No section of the Criminal Code is referred to as affecting the criminal provision of Section 12 of Act No. 56 of 1914; and after considerable study of this code, we have failed to find one that does so. This act (the Criminal Code) expressly repeals many acts of a criminal nature then upon the statute books of this state, but that of 1914, discussed herein, is not among them. The position of appellant in this plea is without merit, and it is also overruled.
[3] The lower court based its judgment upon the cases of J. R. Watkins Co. v. Brown et al., supra, and J. R. Watkins Co., v. Bankston, 1 La. App. 641, both decided by the First Circuit, and W. T. Rawleigh Co. v. Coen et al., 195 So. 660, decided by this court. The Bankston case did not pass on the legality of the contract upon which *Page 873 
the suit was based. In the Brown and Coen cases the court reached the conclusion that the relation between the plaintiff and the primary defendant was that of principal and agent, not seller and buyer, and for that reason denied recovery on the account in the Brown case and on the note in the Coen case. In each of these cases (and also in W.T. Rawleigh v. Hicks et al., 171 So. 616, decided by this court) it was held that execution of the contract sued on required that the agent, in the role of itinerant vendor or peddler, sell drugs, nostrums, ointments and other patent medicines, which was in violation of Section 12 of Act No. 56 of 1914; that because of this illegality the agent could not be held liable to the principal for unpaid balance due by him on sales consummated in this manner; and, of course, no liability attached as to the sureties. The court in each case made it clear that as both parties were guilty of illegal action and conduct in the execution of the contract between them they should be left where found.
But, the contract in the present case is not of the same form, but, on the contrary, quite different from those involved in the cited cases. Evidently the plaintiff has purposely revised and reformed its contract in such manner as to render it free of the objectionable features pointed out by the courts in the contracts heretofore considered and construed by them.
There is no documentary evidence or testimonial proof in the record before us that in the least suggests that the contract involved was modified, changed or altered, or that operations thereunder reflected a relationship of principal and agent rather than that of seller and purchaser as by it declared. Frank F. Rachal makes this very clear when he testified as follows:
"Q. Did you peddle it for them, or did they sell it to you and you peddled it then? A. They sold it to me and I peddled it."
The present contract does not contain the restrictive provisions present in the former ones, which, among other things, gave to the company the right and power to direct and largely control the activities of the denominated purchaser in selling goods delivered by it to him; nor does the contract, as was true in the older ones, undertake to delineate or define the territory in which he should sell. Here, Richal had the right to choose the locus of his activities without approval of the company, select his own customers and consummate sales in a manner wholly to his own liking. If he chose to peddle the goods on his own responsibility as he admits, that was a matter that strictly concerned him. The company's paramount interest in his activities was not only to sell him goods, but to receive from him payment therefor.
For the reasons herein given, the judgment appealed from is annulled, avoided and reversed and, accordingly, the law and the evidence being in favor thereof, it is now ordered, adjudged and decreed that plaintiff, The J. R. Watkins Company, do now have and recover judgment in solido against the defendants, Frank F. Rachal, W.H. Jones, Eugene Kerry and J.S. Rachal, in the sum of Seven Hundred Seventy-Eight and 04/100 ($778.04) Dollars, together with legal interest thereon, from judicial demand until paid, and for costs of suit.