JOHNSON, Judge.
On December 8, 1959, the Juvenile Court of Jefferson Parish awarded the temporary-custody of August, Leo A., Judith Ann and Pascal La Fauci to Mr. and Mrs. Leo Ter-rebonne, of Gretna, Louisiana, in whose home the children had been left by their mother quite some time previous to that date.
On February 6, 1962, the mother of said children, Mrs. Ruth Jones, now the wife of Jack Davis, filed a motion for a rule nisi and the court ordered that the rule issue directed to Mr. and Mrs. Leo Terrebonne to show cause why the custody of said minor children should not be awarded to their mother, Ruth Jones, widow of Charles La Fauci and wife of Jack Gray Davis. The rule was made returnable on February 13, 1962. No answer was filed but the respondents appeared through counsel, and after several continuances made on motion of counsel for said defendants, the rule was tried on February 23 and March 1, 1962. The judgment of the juvenile court on March 5, 1962, recalled and vacated the rule nisi. The matter is now before this court on a devolutive appeal by plaintiff in rule.
The record as filed originally contained no transcript or note of evidence or statement of facts. This appeal was granted on motion of the plaintiff in rule on March 14, 1962, returnable to this court on May 1, 1962. An extension of thirty days in which to file the record in this court was granted and the record was filed herein on May 31, 1962.
The record shows that on August 17, 1962, on motion of counsel for Mr. and Mrs. Terrebonne, the Judge of the juvenile court prepared his findings of fact and the clerk of that court forwarded to this court the necessary documents and they were filed in this record now before us, all after the appeal was perfected.
Appellant filed no formal opposition either in the juvenile court or in this court to the procedure employed by the appellees to supply the findings of fact made by the Judge of the juvenile court. Counsel for appellant does complain in his argument and in a supplemental brief that the facts recited by the Judge of the juvenile court are not correct in some particulars. The written* summation of the evidence signed by the Judge is in the record and we conclude that it is properly before us and must be considered.
Formerly, under the provisions of the-Code of Practice, this procedure could not have been followed to get the evidence before this court after the appeal had been* granted. There are many cases in our early jurisprudence which say that any statement or findings of fact must be made and filed before the appeal is granted, unless preparation and filing of a statement of facts after the appeal was done by consent of all parties or counsel. However, by the adoption of the LSA-Code of Civil Procedure, the situation has been corrected and Articles 2088, 2131 and 2132 retain jurisdiction in the trial court to do exactly what was done in this case, after the record has been lodged in the appellate court.
It is not enough to argue in this court that the statement of facts prepared and filed by the trial Judge is not correct. The statement shows that when the trial of the rule commenced the court announced to both counsel that there was no stenographer present to take the testimony, but the court gave both counsel an opportunity to have the testimony taken and transcribed. The trial court said that “Both counsel agreed to submitting the said hearing without having a permanent record made.”
It was clearly appellant’s duty to see that a complete record was made up and filed in this court, in accordance with Article 2131, LSA-Code of Civil Procedure. That was not done and counsel for appellee, on proper pleading, as authorized by Article 2132 of LSA-Code of Civil Procedure, obtained from the trial Judge the written statement of his findings of fact and caused that statement to be filed in this record. *697 By the provisions of Article 2088, of the LSA-Code of Civil Procedure, the trial court retained jurisdiction to perfect the record in the very situation presented here. Counsel for appellant contends that Article 2132 only provides an opportunity to supply a part of the record that is actually in existence, but was omitted when the appeal rec•ord was sent up, and that the article does not give the court the right to prepare a •document, such as a statement of facts, ■after the appeal is perfected. Such strict •construction of the language of that article is carrying a technicality entirely beyond .reason.
Article 2132 reads as follows:
“A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits ■a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial ■court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.”
The note or statement of the evidence or a finding of facts prepared and signed by •the court undoubtedly is a material part of the record. The contents of such a statement is what this court is interested in and not the date on which it was dictated or prepared by the trial Judge. The reason the •early court decisions would not accept such a statement which was prepared and filed ■after the appeal bond was filed was that the trial court lost all jurisdiction over the case by the appeal. Article 2088 says: “The jurisdiction of the trial court over the case ■shall be divested, and that of the appellate •court shall attach, upon the timely filing of the appeal bond in the trial court. * * * Thereafter, the trial court shall have no jurisdiction over the case except: * * * and as provided by Articles 2125, 2131, and 2132.”
Article 2132 provides, in part, that: “A record on appeal which is incorrect * * * may be corrected even after the record is transmitted to the appellate court, * *
We think that language is broad enough to enable the trial court to supply a finding of facts where no transcript or note of the evidence is in the record and where the parties cannot agree on a statement of facts, and that the date of its preparation merely goes to the weight and not to the admissibility of the document.
We agree with the trial court that the evidence is quite sufficient to prove that the mother, plaintiff in rule, appellant herein, is not a fit person to have custody of her 4 minor children, and that it is for the best interest of said children to remain in the custody of Mr. and Mrs. Leo Terre-bonne.
For these reasons, the judgment is affirmed, at appellant’s cost.
Affirmed.