157 So.2d 325 (1963)
Morton S. CLARK, Plaintiff-Appellee,
v.
Luther RICHARDSON, Defendant-Appellant.
No. 924.
Court of Appeal of Louisiana, Third Circuit.
October 30, 1963.
*326 Ward-Steinman & Crenshaw, by Irving Ward-Steinman, Alexandria, for defendant-appellant.
Holt & Holt, by Jack Holt, Pineville, for plaintiff-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
TATE, Judge.
The plaintiff Clark sues to cancel a materialman's and labor lien filed against his property under LSA-R.S. 9:4812. The defendant Richardson, a plumbing contractor, reconvenes to secure recognition of this lien for work performed by him in the construction of a residence on the plaintiff's property, as well as to secure a monied judgment for the unpaid balance due for this work.
*327 The defendant appeals from judgment ordering cancellation of the lien.
No transcript was made of the evidence taken at the trial on the merits, nor, so far as the record shows, was any effort made by the appellant to secure a written narrative of the facts, either by joint agreement of the parties or else by the trial court if the parties could not agree. See LSA-C.C.P. Art. 2131. See also In re La Fauci, La. App. 4 Cir., 146 So.2d 695.

1. Motion to Dismiss the Appeal.
The appellee has filed in this court a motion to dismiss the appeal on the ground that the record includes neither a transcript of evidence nor a written narrative of the facts upon which the trial court judgment is based.
Where on appeal the record does not contain the testimony of the witnesses, nor in lieu thereof a written narrative of the facts, and the correctness of the trial court judgment depends upon the oral testimony, an appellate court will dismiss the appeal, if timely motion to do so is filed by the appellee; the presumption being that the trial court judgment is correct, so that therefore there is nothing in the record for the appellate court to review. Succession of La Pene v. Lagraize, 227 La. 987, 81 So. 2d 369; Williamson v. Enterprise Brick Co., 190 La. 415, 182 So. 556; Gauthier v. Williams, La.App. 1 Cir., 146 So.2d 65; Holloway v. Willis, La.App. 2 Cir., 134 So. 2d 79; Martin v. Allessi, La.App. 1 Cir., 121 So.2d 327; Miller v. Rollins, La.App. 2 Cir., 111 So.2d 146; American Adjustment Co. v. Batiste, La.App. 1 Cir., 79 So. 2d 337; Brady v. Schexnayder, La.App. Orl., 54 So.2d 640.
The basis for the dismissal of the appeal is that under such circumstances the absence of the fact-evidence is a defect or irregularity of the appellate record sufficient to justify dismissal of the appeal, where the absence thereof is imputable to the appellant, who has the primary duty to secure at least a narrative statement of the facts (see LSA-C.C.P. Art. 2131). Essentially, the dismissal of the appeal is based upon the procedural statutory provisions now incorporated as LSA-C.C.P. Art. 2161:
"An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162[1], a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later." (Italics ours.)
However, the appellee is not entitled to the dismissal of the appeal simply because the evidence or a written narrative thereof is not in the record.
Even though the oral evidence is missing, the appeal will not be dismissed where the correctness of the trial court judgment does not depend upon this missing testimony. Hydrotex Industries v. Cartwright, La.App. 2 Cir., 45 So.2d 93. Likewise, the motion to dismiss will be denied where the written reasons of the trial judge reveal substantially all of the material testimony and the record is sufficiently complete to permit appellate consideration of the issues presented by the appeal. Succession of Seals, 243 La. 1056, 150 So.2d 13. Further, the motion to dismiss the appeal is denied where the absence of the missing evidence is not shown to have resulted from any failure on the part of the appellant (in which event the irregularity of the incomplete record may be corrected, see LSA-C.C.P. Art. 2132, *328 even after the record is transmitted to the appellate court). Wischer v. Madison Realty Co., 242 La. 334, 136 So.2d 62; Nunez v. Serpas, 198 La. 415, 3 So.2d 673; St. Romain v. Bordelon, La.App. 2 Cir., 77 So.2d 420; Norman-Breaux Lbr. Co. v. Snee, La.App. Orl., 26 So.2d 499.
Also, the absence of evidence from the record is regarded merely as a procedural defect or irregularity which, under the statutory procedure now enacted as LSA-C.C.P. Art. 2161, quoted above in full, must be raised by a motion to dismiss the appeal in the appellate court filed within three days after the record is lodged therein (or the return day, whichever is later). Brown v. Pontchartrain Land Co., 49 La.Ann. 1779, 23 So. 292. See also, Boyd v. Bradley, 134 La. 223, 63 So. 883.
In the present case, the record was filed in this court on May 22, 1963, and the order of appeal shows that the return day was May 24th. The motion to dismiss this appeal was not filed until July 16th, or far more than three days after the return date. The motion to dismiss the appeal must therefore be denied. Brown v. Pontchartrain Land Co., cited above.

2. The Merits.
Although the absence of the oral testimony may not justify the dismissal in limine of the appeal, nevertheless, on a consideration of the merits of the appeal, the appellate court must affirm the trial court judgment if such judgment was founded upon the missing oral testimony. Schaumberg v. Grishman, 168 La. 251, 121 So. 760; Stout v. Henderson, 157 La. 169, 102 So. 193; Boyd v. Bradley, 134 La. 223, 63 So. 883; United Distributors, Inc. v. Dunaway, La.App. 1 Cir., 146 So.2d 665; DePriest v. Connecticut Fire Ins. Co., La. App. 1 Cir., 140 So.2d 458; Ryan v. Barthelmy, La.App. Orl., 32 So.2d 467, 469. This is so because it is presumed that the trial court judgment was rendered upon sufficient evidence and in accordance with law, in the absence of a showing in the record to the contrary.
Able counsel for the appellant seeks to evade the application of this principle by urging that what is presented for review here is not merely a question of fact depending for its determination upon the oral testimony. Instead, counsel urges, what is really involved is a question of law, which the appellate court may consider and determine in the appellant's favor, as demonstrated by the undisputed facts shown by the pleadings and exhibits in the record (Hydrotex Industries v. Cartwright, La. App.Orl., 45 So.2d 93) and by the appellate briefs of counsel (Bernhardt v. Curtis, 109 La. 171, 33 So. 125).
The question on the merits concerns whether the defendant subcontractor's lien was timely recorded within sixty days after completion of all the work under the construction contract, as required by LSA-R.S. 9:4812.
From the pleadings and briefs, the chief issue seems to be whether the sixty-day period within which the appellant had to file his lien, commenced as late as August 19, 1961, when certain corrective work was done and a new drain installed by the defendant. In this event, as appellant contends, the defendant's lien was timely filed on the sixtieth day thereafter.
On the other hand, the appellee-homeowner argues that the lien was not timely because the period within which to file it commenced some three months earlier, after the appellee had moved into the house and when "all construction on the house had been completed". (Art. 5, plaintiff's petition.) The plaintiff-appellee thus suggests that the minor remedial work performed by the appellant subcontractor by August 19th does not furnish the pertinent date to determine the timeliness of the lien, citing the jurisprudence which holds "the date of the last material furnished or work done for purposes of the builder's lien act to be the date by finishing of construction *329 and by occupancy, when the building is treated or considered as complete, even though subsequent thereto minor repairs or corrections of defects or minor additions to the work are performed [Citations omitted]." Cain v. Central Plumbing and Heating Co., La.App. 1 Cir., 85 So.2d 376, 378.
Whether or not the lien was timely filed thus depends upon a consideration of the oral testimony taken at the trial to determine whether it shows that in fact the additional work performed on August 19th was merely minor remedial work rather than in reality the final completion of the construction contract. Without the transcript of this evidence in the record, this court does not on review have any basis by which to determine that the trial court committed error in construing the evidence contrary to the appellant's contentions.
Applying the presumption of its correctness above-discussed, we therefore affirm the trial court judgment, at the cost of the defendant-appellant.
Affirmed.
NOTES
[1] LSA-C.C.P. Art. 2162 provides, inter alia, that an appeal may be dismissed at any time where there is an absence of appellate jurisdiction or of a right to appealthat is, the three-day period within which to file a motion to dismiss an appeal does not apply under such circumstances, which do not involve merely an irregularity or a defect in the appellate record.