SAVOY, Judge.
Plaintiff-appellee in the instant suit secured a divorce from her husband, defendant-appellant. She was also granted custody of the three minor children born of the union between the parties. The judgment was silent as to alimony or child support.
In a subsequent proceeding in the same suit, appellee filed a petition asking for support for the minor children in the sum of $175.00 per month. Appellant filed an answer setting forth that $5,000.00 had *841 been paid to appellee for child support.
During the tiiial of the case, according to the Minutes, (there was no evidence transcribed at the trial) defendant attempted to introduce documentary evidence for the purpose of showing payment of $5,000.00 child support, but, on objection of counsel for appellee, these documents were not allowed to be introduced in evidence.
The trial judge prepared a statement of facts in which he stated that appellee testified she had received only $50.00 from appellant for child support.
In a case where no evidence is transcribed nor a narrative statement taken, the appellant bears the burden of overcoming the presumption that the trial court judgment was correct and rendered in accordance with law, in the absence of a clear showing to the contrary in the record as made up. Clark v. Richardson (La.App., 3 Cir., 1963), 157 So.2d 325.
In the instant case the written narrative of the facts was made by the trial judge since the parties failed to transcribe the evidence. The trial court made a specific finding from the evidence before it that the defendant husband had paid only $50.00 child support to the plaintiff wife after the September, 1963 judgment, the trial in the instant case having been held in July, 1964.
LSA-C.C.P. Article 2131 provides:
“If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.”
In view of the holding of the Clark case, supra, and LSA-C.C.P. Art. 2131, we hereby affirm the holding of the trial court.
The defendant alleges and contends that he paid $5,000.00 to the wife as advance child support. The Minutes show that evidence to this effect was offered and excluded. Counsel for defendant expressed his concern over the question of whether his efforts to recover these alleged payments might be met by a plea of res judicata if we affirmed the trial court judgment. Since the evidence was excluded, there is not before us, and we do not rule upon, any issues related to the husband’s right to recover such amounts.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.