TUCKER, Judge.
The plaintiff, Annie L. Gist, seeks to recover from the defendant, Reuben A. Forrest, the principal sum of four checks, to-talling the amount of FIVE HUNDRED FIFTY AND NO/lOO ($550.00) DOLLARS, and attorney fees of $150.00. The suit was filed on April 20, 1970, and the defendant in his original answer denied any indebtedness to the plaintiff, and affirmatively alleged that the checks were given by him to the plaintiff in payment and discharge of a gambling debt, which made such checks uncollectible under the provisions of C.C. Arts. 2983 and 2984.
On September 18, 1970 the defendant was discharged in bankruptcy by the United States District Court, Eastern District of Louisiana, Baton Rouge Division, and on October 18, 1970 defendant filed an amended answer, claiming that the indebtedness, listed as a “disputed gambling-debt” in the bankruptcy proceedings' was forever discharged.
In its judgment the trial court dismissed plaintiff’s suit on the ground that her claim based on the “N.S.F.” checks had been discharged in bankruptcy. From this judgment the plaintiff has perfected this appeal.
When this case was argued, we noted that the record did not contain a transcript of the testimony adduced at trial. There was no narrative of facts agreed to by the parties nor did the trial judge supply a written narrative of facts, which is proper and conclusive when the litigants are unable to agree with respect to what the facts are. In support of these observations are the provisions of C.C.P. Art. 2131 which is quoted as follows:
“If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.”
The appellant maintains that the facts of the case are established by the trial court’s written reasons for judgment, and the sole question to be determined on appeal is whether this is the type of claim which is dischargeable in bankruptcy, and that this issue presents a question of law and not one of facts. The plaintiff urges that the defendant has acquiesced to the proposition that a statement of fact is unnecessary for an adjudication of the appeal, and points to the failure on the part of the appellee to move for a dismissal of the appeal on the ground of an absence of a transcript of the testimony, or agreed narrative of facts or, else, in the event of disagreement a finding of facts by the trial court in support of her contention.
We are in agreement with plaintiff that this court is without authority to dismiss her appeal on its own motion because of the absence of the note of testimony or a narrative statement of the facts, and we believe the provisions of C.C.P. Art. 2161 require that such a motion for dismissal be initiated by an appellee “within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”
*913 In Clark v. Richardson, 157 So.2d 325, (La.App.3d Cir. 1963), it was held that, though the absence of oral testimony would not justify the dismissal of an appeal, “on a consideration of the merits of the appeal, the appellate court must affirm the trial court judgment if such judgment was founded upon the missing oral testimony.” (Citations omitted). The underlying reason for this principle is the presumption that the trial court decision was based upon sufficient evidence to support its judgment, in the absence of a showing in the record to the contrary.
We do not agree with plaintiff that a statement of the facts serves no salutary purpose in the disposition of this appeal. Tt is clear that the trial judge found the testimony conflicting with respect to the circumstances under which the checks were given, but we are unable to intelligently review the propriety of his determination from the facts that the plaintiff was not involved in gambling when the checks were issued. Although defendant’s memorandum in the trial court emphasizes the issue of the dischargeability of the debt represented by the checks in bankruptcy, his thrust in the appeal also adverts to the contention in his original answer that the checks were given in liquidation of a gambling debt. The record does not reveal any admission by the appellee that the checks represented his valid obligations.
On the remaining issue raised by the appellant we are faced with the same problem. Plaintiff says that the trial court was manifestly erroneous in deciding that she had not borne the burden of proving that the subject checks amounted to a false representation, were given with the intention by the defendant to defraud her, and that she relied upon defendant’s fraudulent representations. Any error or misconstruction on the part of the trial court in its conclusion on this score would necessarily involve a review of the facts pertaining to this question.
The pleadings, exhibits and the trial court’s reasons for judgment do not supply the deficiencies, arising from the total absence of factual circumstances, on which a logical and reasonable review could be made by this court. We have no basis by which to determine that the trial court committed error in its construction of the evidence.
The judgment of the lower court rejecting plaintiff’s demand is affirmed at plaintiff’s costs.
Affirmed.