DENNIS, Judge.
Plaintiff, Charles H. Bolton, sued defendants, Southwestern Iron Corporation and its insurer, Liberty Mutual Insurance *912 Company, for $514.98 for property damage to his automobile caused by the fault of Southwestern’s employee. The City Court of Shreveport rendered judgment in favor of plaintiff and against “Liberty Mutual Insurance Company, et al” for $387.38, and Liberty Mutual appealed.
Appellant contends that the judgment of the City Court was erroneous for the following reasons:
“1.
“The trial judge failed to make sufficient findings of fact which set forth any degree of clarity what actually constituted the amount of damages awarded plaintiff.
“2.
“The trial court failed to make sufficient findings of fact which justified his rejection of defendants’ witnesses and estimate of repairs.”
The testimony was not transcribed, and the parties could not agree upon a narrative of the facts. The trial judge’s handwritten notes made during the trial were filed in the record as his written narrative of the facts. The record also includes itemized statements of appraisal of the damage to the automobile prepared by the parties’ expert witnesses.
It is true the trial judge’s handwritten notes made during the trial do not set forth findings of facts as to the specific items of damage caused by the accident, or the nature and cost of the repairs necessitated thereby. However, the itemized statements of appraisal and the judge’s synopsis of each witness’ testimony afford a substantially complete view of the evidence upon which the decision below was based. Also, the judgment rendered by the trial judge reflects his findings of fact as to the total cost of repairing the damage to The automobile. Perhaps La.C.C.P. Art. 2131, in requiring the trial judge to “make a written narrative of the facts” invisages a finding of evidentiary and ultimate facts by the trial judge. However, the trial judge’s failure to make formal findings of facts does not prevent appellate consideration here, because we are able to determine from his notes outlining the testimony and the exhibits filed whether the judgment was in accordance with the law and the evidence. In somewhat similar cases our courts have held that if the record on appeal contains written reasons for judgment by the trial judge which reveal substantially all of the material testimony, and the record is sufficiently complete to permit full consideration of the issues presented on appeal, the written reasons will be considered in lieu of a narrative of the facts. Paige v. Tregre, 283 So.2d 777 (La.App. 1st Cir. 1973); Clarke v. Richardson, 157 So.2d 325 (La.App. 3d Cir. 1963); Succession of Seals, 243 La. 1056, 150 So.2d 13 (1963).
In the instant case the trial judge’s notes and the exhibits of record reveal the following: Plaintiff’s expert automotive damage appraisal witness testified that labor and materials costing $466.98 would be required to repair the plaintiff’s automobile. Defendant’s expert witness expressed the opinion that the cost would be only $69.64. Defendant’s expert had acquired forty-five years of experience in automobile damage appraising, and plaintiff’s appraiser had been working in the field for five years. The primary divergence of opinion between the witnesses concerned whether the damage required replacement, rather than straightening, of a fender, a bumper, and related parts, and whether repainting of the car was needed.
The trial judge, in rendering a judgment for the plaintiff in the amount of $387.38, apparently did not fully accept the testimony of either expert witness. He did not specify which parts of the testimony he re *913 jected or state his reasons. However, the Code merely provides that the trial judge shall make a written narrative of the facts and does not require him to state his reasons for his factual determinations. La.C. C.P. Art. 2131.
After considering the trial judge’s comprehensive handwritten notes of the testimony and the exhibits in the record, in lieu of a written narrative of the facts, we conclude that the damage award, and his findings of fact implicit therein, were not manifestly erroneous but were within the ambit of discretion accorded him by law in light of the evidence in the case. The judgment of the trial court is affirmed, and the cost of the appeal is assessed to the appellant.
Affirmed.