289 So.2d 876 (1974)
Harry HERMAN
v.
STYLE LINE GREETINGS, INC., et al.
No. 6208.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1974.
Herman & Herman, Mark B. Herman, New Orleans, for plaintiff-appellee.
Morphy, Freeman, Holbrook & Faulkner, A. D. Freeman, New Orleans, for defendants-appellants.
*877 Before STOULIG, SCHOTT and MORIAL, JJ.
STOULIG, Judge.
This matter comes before us on a motion to dismiss the lessee's appeal from an adverse judgment in an eviction proceeding. The motion is based on the failure of appellant to timely perfect the appeal within 24 hours from the rendition of judgment as required by LSA-C.C.P. art. 4735.
A resume of the pertinent proceedings relative to this motion reflects that on December 20, 1973, after overruling the appellant's dilatory exceptions of prematurity and improper accumulation of actions, the trial court then proceeded to hear the merits of appellee's rule for a writ of possession. Upon the conclusion of the hearing, the trial court took the matter under advisement. On the following day, December 21, 1973, out of the presence of both counsel, judgment was rendered and signed making the rule absolute and ordering the appellant to vacate the premises. On that date a notice of judgment together with a copy of the judgment, was mailed to the attorneys. Admittedly the suspensive appeal was not perfected until December 26, 1973, the same day on which the attorney for appellant received his notice of judgment in the mail.[1]
Appellee contends that this appeal should be dismissed because of the failure of the appellant to perfect it within 24 hours after the rendition of the judgment of eviction. Appellant maintains that he did not receive notice of the judgment until December 26 and perfected his suspensive appeal on the same day, well within 24 hours of its receipt.
The court on its own motion dismisses this appeal for the want of jurisdiction, being of the opinion that no valid judgment of eviction has been rendered in this matter which could form the basis of an appeal.
At the outset, it must be borne in mind that the eviction procedure is summary in nature prescribing that contradictory proceedings be conducted not earlier than three days after service and mandatorily requiring the court to render judgment of eviction "immediately" should it determine that the lessor is entitled to possession of the premises. (C.C.P. art. 4732.) Further, any appeal by an aggrieved lessee must be perfected within 24 hours of the rendition of judgment provided the rule is answered under oath and an affirmative defense asserted. (C.C.P. art. 4735.) Thus from the foregoing it is apparent that the eviction procedure is designed to expedite as quickly as possible the determination of the right of the lessor to be restored to possession of the premises.
C.C.P. art. 4732 in part provides that "if the court finds the lessor or owner entitled to the relief sought * * * the court shall render immediately a judgment of eviction ordering the lessee or occupant to deliver possession of the premises to the lessor or owner." (Emphasis added.) In our opinion this article does not admit of taking a rule of possession under advisement and subsequently rendering judgment out of the presence of counsel. We are of the opinion that the notice of judgment authorized under C.C.P. art. 1913 is not applicable to eviction proceedings.
In the instant matter the trial court heard the rule on December 20 and did not render its judgment until the following day. It was literally impossible for appellant to perfect his appeal within 24 hours of the rendition of judgment as required by Article 4735 if he was unaware of the fact that it had been rendered.
The rigid procedure of our eviction process as expressed in the articles of the Code of Civil Procedure is inflexible. Literal compliance with the requirements, as it relates to the actions of the lessor, lessee, *878 and trial judge, are sacramental to its validity.
Article 4732 made it the mandatory duty of the trial court to render its judgment of eviction immediately in view of his finding that the lessor is entitled to the possession of the premises. It does not authorize the matter being taken under advisement and later rendered by the court out of the presence of counsel. Should the trial judge be unable to render judgment at the conclusion of the hearing because of the complexities of the issues, this article would not prevent his ordering a recess after which it would be proper to render judgment, provided he does so in the presence of counsel.
The motion to dismiss is granted not because of the failure of appellant to timely perfect his suspensive appeal but on the fact that there is no viable valid judgment of eviction from which an appeal can be taken by the lessee under Article 4735.
Accordingly the appeal on behalf of appellant James G. Salles is dismissed for the want of jurisdiction.
Appeal dismissed.
NOTES
[1] Judgment was rendered and signed on Friday, December 21; the next two days, Saturday and Sunday, were legal holidays. According to the affidavit of counsel for the appellant, he checked his mail on Monday, December 24, and the notice of judgment was not received by him on that day. The next day, being Christmas, was a legal holiday, and in the morning's mail of December 26, he received the notice of judgment from the clerk of court. On the same day he perfected his suspensive appeal.