377 So.2d 1359 (1979)
VERSAILLES ARMS APARTMENTS
v.
Everett GRANDERSON, Jr.
No. 10371.
Court of Appeal of Louisiana, Fourth Circuit.
November 20, 1979.
*1360 Tucker & Schonekas, Arthur S. Mann, III, New Orleans, for plaintiff-appellee.
Everett Granderson, Jr., in pro. per.
Before LEMMON, GULOTTA and BEER, JJ.
LEMMON, Judge.
This is an appeal from a judgment of eviction rendered and signed on January 8, 1979. The hearing on the rule for possession of the premises had been held five days earlier, after which the matter was taken under advisement. The threshold issue is the effect of the trial court's failure, upon finding after the hearing that the lessor was entitled to the relief sought, to "render immediately a judgment of eviction", as mandated by C.C.P. art. 4732.[1]
Motion by Court to Dismiss the Appeal
The court, on its own motion, issued a rule to show cause why the appeal in this *1361 case should not be dismissed as one taken from an invalid judgment, pursuant to the holding of our decision in Herman v. Style Line Greetings, Inc., 289 So.2d 876 (La.App. 4th Cir. 1974). After briefs were filed and after the court noted other problems with the record, the motion to dismiss was referred to the merits.
In the Herman case this court considered the effect of the trial court's failure to comply with C.C.P. art. 4732 on the validity of the judgment of eviction. Considering the tardy judgment to be an invalid one from which no appeal could be taken, the court dismissed the appeal.[2]
On the basis of the Herman decision this court in Baldo v. Thibodeaux, 324 So.2d 457 (La.App. 4th Cir. 1975), also dismissed an appeal by the lessee from a judgment of eviction that was not rendered immediately after trial, characterizing the appeal as one from a "non-judgment". On application for certiorari the Supreme Court noted that our decision was "apparently incorrect", but declined to consider the application which had not been filed timely.
In view of the Supreme Court's comments in the Baldo case, we have decided in the present case to reconsider the holdings in the Herman and Baldo decisions and to reanalyze the propriety of dismissing an appeal from a judgment of eviction which was not rendered immediately in compliance with C.C.P. art. 4732.
If dismissal of the appeal in the Herman and Baldo cases had resulted in allowing the judgment of eviction to stand, then that course of action would have denied the appellant his constitutional right of appellate review, based on a failure on the part of the trial court without fault on the part of the appellant. However, the decision dismissing the appeal in those cases specifically noted that the dismissal was based on the invalidity of the judgment and not on the loss of the right of appeal.
The underlying problem in the Herman and Baldo cases was that after the trial court took the matters under advisement, it was virtually impossible for the lessee to apply for a suspensive appeal and furnish security within 24 hours of the rendition (presumably meaning the signing) of the judgment, as required by C.C.P. art. 4735, unless the lessee maintained a constant vigil in the courthouse. In Herman the lessee applied for a suspensive appeal and furnished the required security on December 26, 1973, the same day he received notice of the judgment. However, the judgment had been rendered and signed outside the presence of counsel on December 21, after the matter had been taken under advisement the previous day. Noting that December 22 (Saturday), December 23 (Sunday) and December 25 (Christmas) were legal holidays and that appellant's attorney stated under oath the notice of judgment was not in the December 24 mail, this court was faced with dismissing the appeal as untimely, although no fault or lack of diligence could be imputed to the appellant. Rather than to follow this obviously unfair course of action, this court declared the judgment to be invalid and dismissed the appeal, not for untimeliness, but as one from an invalid judgment.
The difficulty with that solution to the problem was that another problem was created, namely, the necessity of invalidating every judgment of eviction in which the case was taken under advisement, even if a petition for suspensive appeal is filed timely, as in the present case. Furthermore, the holding in the Herman case apparently requires a new trial, either to hear the same evidence and to render the same judgment, or, equally objectionably, to allow the losing party a chance to present better evidence, to the prejudice of the winning party who was also without fault in the failure to render an immediate judgment.
We recognize the problem which confronted the court in the Herman case. Perhaps the court, instead of dismissing the appeal, could have set aside the judgment *1362 and remanded with specific instructions to render a new but identical judgment in the presence of counsel and to transmit to this court immediately upon appeal a supplemental record containing the new judgment and the petition for appeal, order and security. Or perhaps the court could have concluded the appeal was timely, in view of the fact that the trial court's violation of the requirement of C.C.P. art. 4732 made appellant's literal compliance with C.C.P. art. 4735 virtually impossible from a practical standpoint and the fact that appellant filed for a suspensive appeal and furnished security within 24 hours of notice of the judgment.[3] The precise problem of the Herman case, however, is not present in this case (because appellant here filed an appeal and posted a bond on the same day that the judgment was rendered and signed), and we decline to follow the holding in the Herman and Baldo cases, which would require us to declare the judgment invalid and to dismiss the appeal. Dismissal of the appeal, based on the literal terms of C.C.P. art. 4732, would cause a tremendous amount of delay and wasted motion in order to obtain a judgment of eviction, whereas the clear intent of C.C.P. art. 4732 was to expedite the obtaining of such a judgment. Moreover, dismissal of the appeal would unduly prejudice the lessor, if entitled to an affirmation of the tardily rendered judgment on the record presently before us.
Perhaps C.C.P. art. 4732's requirement for immediate rendition of a judgment of eviction would entitle any party to obtain relief by applying for supervisory writs when a trial court fails to render a judgment immediately.[4] However, once a judgment of eviction is rendered, any violation of C.C.P. art. 4732's requirement for immediate rendition becomes a moot question, and we now hold that if the lessee perfects a timely appeal, the judgment is valid and appropriate for appellate review, and the appeal may not be dismissed because of the trial court's delay in rendition. Accordingly, we overrule the Herman and Baldo cases insofar as those cases hold that a judgment of eviction, which is not rendered immediately after trial, is an invalid judgment.[5] We pretermit resolution of the problem of unfairness to a lessee, who appeals diligently but untimely from a tardy judgment, until the next time the problem is squarely presented.
Motion by Plaintiff to Dismiss the Suspensive Appeal
Plaintiff moved to dismiss the suspensive appeal on the grounds (1) that defendant failed to sign his motion for appeal and (2) that his answer did not plead an affirmative defense that would entitle him to retain possession of the premises, as required by C.C.P. art. 4735.
As to the failure to sign the motion for appeal, defendant filed the motion in proper person, paid the filing fee, obtained the judge's signature, and timely filed a bond, which he did sign. Under the circumstances his failure to sign the motion is of no moment.
*1363 The lessee's verified answer alleged that his timely tender of the rent each month was refused by the lessor because of an alleged failure of federal certification for eligibility, which the lessee also denied. Since this defense, if proved, would entitle defendant to retain possession, the motion to dismiss the suspensive appeal must be denied.
Merits of the Appeal
After the judgment by the city court the matter was appealed to the district court. Since the subject premises rented for more than $100.00 per month, the district court transferred the appeal to this court pursuant to Herman Investments, Inc. v. Lighthouse Club, Inc., 367 So.2d 901 (La.App. 4th Cir. 1979). However, the record on appeal does not contain a transcript of the testimony, because (according to counsel's statement in oral argument) the city court anticipated a trial de novo upon appeal to the district court.[6]
Normally, when there is no written transcript of testimony, the burden is on the appellant to furnish either a stipulation of fact agreed to between the parties or a narrative of fact by the trial court. C.C.P. art. 2131; Clark v. Richardson, 157 So.2d 325 (La.App. 3rd Cir. 1963). When appellant fails to do so, there is no basis for the appellate court to determine whether the trial court erred in construing the evidence contrary to appellant's contentions, and the judgment is usually affirmed on the basis that the appellant failed to overcome the presumption of its correctness. Clark v. Richardson, above. The unusual circumstances under which the record on appeal reached this court in this case, however, justifies remanding the case either for retrial or for other correction of the incomplete record pursuant to C.C.P. art. 2161, because the fault cannot reasonably be imputed to the appellant.
Accordingly, the motion to dismiss the suspensive appeal is denied, and the matter is remanded for retrial or for other correction of the incomplete record, within the discretion of the trial court. If the record is completed without retrial, the original and supplemental records are to be transmitted immediately to this court for submission and decision. Costs of the appeal will be assessed upon final disposition of the matter.
MOTION TO DISMISS SUSPENSIVE APPEAL DENIED, MATTER REMANDED FOR COMPLETION OF RECORD OR FOR RETRIAL.
GULOTTA, J., dissents and assigns reasons.
GULOTTA, Judge, dissenting.
I dissent. I disagree with the results reached by the Herman and Baldo panels dismissing the lessees' appeal; however, I am of the opinion that the panels in those cases properly concluded the judgments of eviction were not valid judgments. I would reverse the trial court's judgment.
NOTES
[1] C.C.P. art. 4732 provides:

"The court shall make the rule returnable not earlier than the third day after service thereof, at which time the court shall try the rule and hear any defense which is made.
"If the court finds the lessor or owner entitled to the relief sought, or if the lessee or occupant fails to answer or to appear at the trial, the court shall render immediately a judgment of eviction ordering the lessee or occupant to deliver possession of the premises to the lessor or owner."
[2] There was no application for certiorari to the Supreme Court.
[3] The Baldo decision notes that the judgment was rendered and signed on May 28, 1975, five days after the hearing, and that the bond was not filed until June 10, but does not indicate when defendant received notice. Accordingly, we cannot determine whether that case involved the same problem of unfairness to a diligent appellant or whether the judgment was merely invalidated on Herman's authority, despite unjustified untimeliness.
[4] The intent of C.C.P. art. 4732 appears to be similar to the intent of C.C.P. art. 1979's requirement that a motion for new trial be decided within ten days from the time it is submitted for decision. The apparent intent is to require a summary decision, and that intent is frustrated rather than implemented if a tardy judgment is invalidated because of the tardiness.
[5] An internal rule requires that a decision by one panel of this court, which requires the overruling of an earlier decision of this court in another case, must be submitted to the entire court for vote on the overruling. This portion of the opinion in the present case was accordingly submitted to the entire court, and the court has approved the overruling, with Judge Gulotta dissenting.
[6] The total monthly rent (including the amount subsidized) exceeded $100.00, but defendant paid only $27.00. The parties apparently contemplated an appeal to the district court based on the lower amount.