537 So.2d 1217 (1989)
Sanders BORDES
v.
SIMPLEX MANUFACTURING COMPANY and ABC Insurance Company.
No. 88-CA-1598.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 1989.
Jarvis J. Claiborne, New Orleans, for plaintiff.
Bruce S. Johnston, Elizabeth Beauchamp, Trial Atty., New Orleans, for defendants.
Before BARRY, ARMSTRONG and BECKER, JJ.
BARRY, Judge.
Simplex Manufacturing Company and its worker's compensation carrier, American Casualty Company, appeal a judgment which awards Sanders Bordes weekly payments of $88.08 for temporary total disability, plus $4,000 in attorney's fees, penalties, interest, and medical expert fees of $295 and $588. Appellants argue (1) that Bordes did not sustain a compensable injury and (2) there is no basis to assess penalties and attorney's fees.
Bordes filed a petition for compensation benefits based on an alleged back injury which occurred on January 2, 1986 which he was employed as a shop man by Simplex. According to the trial court's reasons for judgment, the State Department of Labor, Office of Worker's Compensation denied benefits. Bordes rejected the recommendation, a certificate was issued by the Department, and Bordes filed suit.
Simplex and American Casualty Company attached to their brief the Department's letter (incorrectly dated January 1, 1986) which states that the claim was not work related and notes that Simplex accepted the recommendation. The letter is not part of the record and cannot be considered by this Court. Bickham v. Airlie Corporation, 468 So.2d 658 (La.App. 4th Cir.1985), writ denied 470 So.2d 120 (La.1985). The official certificate stating that the recommendation was rejected (obviously by Bordes) is not in the district court record. Only the trial court's reasons refer to those documents.
Also absent is proof of Bordes' weekly wage on which compensation must be based. Although in his petition he prayed for $86.32 weekly on the basis of a weekly salary of $129.50, he was awarded $88.08 weekly without any explanation as to the computation. In their answer Simplex and American Casualty deny the allegations in paragraph IX of the petition which alleges the amount of the wage.
The matter was decided on depositions and the record contains the depositions of two doctors and Bordes. Bordes' deposition claims he hurt his back on the job *1218 when he and two others were moving a golf cart.
Bordes saw Dr. Windsor Dennis and Dr. Anthony Dwyer once or twice. The two doctors' specialty, education, and experience were not noted in their depositions. The trial court's reasons do not mention the credentials of the doctors. We cannot adequately review a credibility call under these circumstances.
The judgment awards expert fees of $295 to Dr. Dwyer and $588 to Dr. Dennis. That appears to cover Bordes' medical bills owed to the two doctors in addition to expert fees. Although Dr. Dennis' deposition concludes with the statement that a copy of his bill will be attached, none is in the record. Although subpoenas were issued to Doctors Dennis and Dwyer for all medical reports, receipts and bills, none of those documents are in the record.
La.C.C.P. Art. 2161 provides:
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.
This record warrants a remand for retrial under La.C.C.P. Art. 2161. Versailles Arms Apartments v. Granderson, 377 So. 2d 1359 (La.App. 4th Cir.1979).
The matter is remanded for retrial.
REMANDED FOR RETRIAL.