538 So.2d 1144 (1989)
Holly GUILLIE, Individually and on Behalf of her Deceased Husband Edward Guillie, III and Her Minor Son, Edward Guillie, IV: Tina Ronquille on Behalf of Her Minor Child Brandy Guillie
v.
STATE of Louisiana DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT and Jefferson Departments of Roads and Bridges.
No. 88-CA-805.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 1989.
Trevor G. Bryan, New Orleans, for defendants/appellants.
*1145 Leonard A. Radlauer, New Orleans, for plaintiffs/appellees.
Before Kliebert, BOWES, and WICKER, JJ.
WICKER, Judge.
This appeal arises from a wrongful death action. Upon review of the record before us we note it is incomplete. We further find serious irregularities.
PROCEDURAL HISTORY:
There are two appeals before us. The first appellant is defendant, State of Louisiana Department of Transportation and Development (D.O.T.D.), represented by Trevor G. Bryan. Plaintiffs filed a cross-appeal below disagreeing with the trial court's finding that decedent was contributorily negligent. Plaintiffs/cross-appellants are represented by Leonard A. Radlauer.
D.O.T.D.'s brief was originally due on December 5, 1988. On November 22, 1988 a motion to substitute counsel and for an extension of time was filed by then attorney M. Jay Clemons. D.O.T.D. was granted an extension until December 20, 1988. On December 9, 1988 Trevor G. Bryan was recognized as new counsel for D.O.T.D. and he received the original record and exhibits.
On December 20, 1988 Trevor Bryan filed a motion for a second extension (his first, however, as new counsel) and was granted until December 27, 1988 to file his brief.
Since no briefs were timely filed, a letter was sent to all parties on January 4, 1989 stating that pursuant to Rule 2-8.6 the matter would be dismissed in 30 days for abandonment of the appeal.
On January 23, 1989, D.O.T.D. through Trevor G. Bryan, filed a brief and returned the original record and binder of exhibits. He made no mention in brief of the incomplete record. The appellees/cross-appellants' brief was due December 17, 1988. No motion for extension of time has been filed and no brief from the appellees/cross-appellants has yet been filed.
MINUTE ENTRY OF DATE OF TRIAL (MAY 28, 1987):
The minute entry of the trial date provides the following information: Andre Photos # 1, # 2, # 3, # 4, # 5, # 6. There is a notation by # 5 that "attorney to file photograph." In the binder of exhibits before us the photo is missing. All of the other photos are in the record on appeal. The transcript reveals that Plaintiff's expert, Joseph H. Andre, made markings on photo # 5. The photo was introduced without objection. There is absolutely no indication in the transcript that an attorney be allowed to remove this material piece of evidence; nevertheless, the minute entry indicates that an unnamed attorney removed it.
The minute entry also lists the following photos as being introduced: D# 2, D# 3, D# 5, D# 6, D# 7, D# 8, D# 10. All are in the record before us.
The minute entry additionally lists D# 11, Deposition of Holly Guillie and D# 12, Deposition of Tina Ronquille. Both of these depositions are included in the record on appeal, however, at trial only pages 15, 16 and 17 of the Tina Ronquille deposition were introduced.
Finally, the minute entry does not reflect certain exhibits which were introduced at trial and which are missing from the record as indicated below.
ADDITIONAL EXHIBITS INTRODUCED AT TRIAL (MAY 28, 1987):
The transcript reveals the following additional exhibits were introduced:
1. Four page stipulation of facts signed by three attorneys. This exhibit is missing.
2. Pathologist's report with attached article from the American Medical Association stipulated to by attorneys John G. Lankford, representing D.O.T.D. and B.R. Malbrough, representing Tina Ronquille to be admitted in lieu of testimony. Leonard A. Radlauer, attorney for plaintiffs/cross-appellants refused to stipulate. The trial judge admitted these documents despite Mr. Radlauer's refusal to stipulate. This exhibit is missing.

*1146 3. Stipulation that copy of police report be introduced in lieu of calling the police officer. This exhibit is missing.
4. In lieu of their testimony, the depositions of Jeffrey Bentley and Bertrand Wilson were introduced. These exhibits are missing.

5. The deposition of State's expert, Dr. Olin K. Dart, Jr. was introduced. Attached to the deposition and introduced at the deposition without objection were the following exhibits:
A. DART # 1curriculum vitae
B. DART # 2photo
C. DART # 3photo
D. DART # 4photo
E. DART # 5one page sheet labeled in part "Minimum Design Standards"
In the Dart deposition, Mr. Lankford referred to diaries which were alleged to be in evidence; however, no diaries were ever introduced. There are loose, unidentified sheets labeled "Project Diary" which follow Tina Ronquille's deposition.
Also, in the Dart deposition, Mr. Landford referred to a contract alleged to be in evidence. No contract was ever introduced. There is, however, an unidentified copy of a surety bond attached to the Dart depositionthis bond was never introduced.
Of the above-mentioned additional exhibits which were introduced, only the dart deposition is in the record before us.
INCOMPLETE RECORD WITH SERIOUS IRREGULARITIES:
La.C.Civ.P. art. 2161 provides:
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.
La.C.Civ.P. art. 2132 provides:
A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.
Since deposition testimony is missing in addition to other exhibits, we have in effect an incomplete transcript. In Versailles Arms Apartments v. Granderson, 377 So. 2d 1359 (La.App. 4th Cir.1979) the court considered a situation in which serious irregularities existed where fault could not be reasonably imputed to the appellant. In the case at bar we are unable to determine the party or parties responsible for the absence of material evidence in the record. Thus, we follow the reasoning in Versailles at 1363 wherein the court held:
Normally, when there is no written transcript of testimony, the burden is on the appellant to furnish either a stipulation of fact agreed to between the parties or a narrative of fact by the trial court. C.C.P. art. 2131; Clark v. Richardson, 157 So.2d 325 (La.App. 3rd Cir.1963). When appellant fails to do so, there is no basis for the appellate court to determine whether the trial court erred in construing the evidence contrary to appellant's contentions, and the judgment is usually affirmed on the basis that the appellant failed to overcome the presumption of its correctness. Clark v. Richardson, above. The unusual circumstances under which the record on appeal reached this court in this case, however, [city court trial judge anticipated a trial de novo upon appeal to district court] justifies remanding the case either for retrial or for other correction of the incomplete record pursuant to C.C.P. art. 2161, because *1147 the fault cannot reasonably be imputed to the appellant.
Accordingly, we remand this matter either for a retrial or for the correction of the incomplete record pursuant to La.C.Civ. P. arts. 2132 and 2161 as well as Versailles, supra.
REMANDED.