GUIDRY, Judge.
MOTION TO REMAND
Plaintiff-appellant, Donald LeBlanc, appealed to the Sixteenth Judicial District Court from a decision of the Louisiana Municipal Fire and Police Civil Service Board pursuant to La.R.S. 33:2501. Following a trial at the district court level, plaintiff-appellant sought review by appealing to this court. Through no fault of plaintiff-appellant, there is no transcript of the trial at the district court level as a result of a malfunction of the recording equipment. A statement of facts from the trial judge who presided at the hearing is unobtainable since that judge has since been recused. Plaintiff moved for a new trial but the motion was denied by the district court. In this court, plaintiff-appellant filed a motion requesting this court to order a new hearing at the district court level. This court issued an order requiring defendants-appel-lees, City of New Iberia and Louisiana Municipal Fire and Police Civil Service Board, to show cause why the case should not be remanded to the district court for a new hearing due to the inability of the court reporter to transcribe the prior hearing.
La.C.C.P. art. 2161 empowers this court to remand a case for retrial or for correction of the record where the trial record is missing, incomplete or in error regardless of who is at fault. In the instant case, there is no record of the district court trial. Plaintiff-appellant is entitled to a transcript of the district court trial, and this court has the power to remand for a retrial. In Bordes v. Simplex Mfg. Co., 537 So.2d 1217 (La.App. 4 Cir.1989) the appellate court remanded for retrial under the authority of La.C.C.P. art. 2161 because the record on an award of worker’s compensation and expert fees was incomplete.
Accordingly, it is ordered this matter be remanded to the 16th Judicial District Court for retrial.
MOTION GRANTED.