BOWES, Judge.
This appeal has been taken from a judgment in favor of plaintiff, Nathaniel Joseph, Jr., and against the defendants, City of New Orleans, Steve Manning, and the Willows Partnership. Upon review of the record, we find substantial irregularities and failure to comply with the Uniform Rules of Louisiana-Court of Appeal in several categories, constraining this Court to remand the case to the district court.
PROCEDURAL HISTORY
Plaintiff, Nathaniel Joseph, Jr., filed suit in January, 1987, against William Cannon, Steve Manning, Charles Alonzo, the City of New Orleans, The Willows Apartment Complex, and insurance companies identified as “ABC,” “DEF,” and “XYZ.” The suit essentially alleges malicious prosecution, libel and slander, arising from the identification, arrest and subsequent trial of plaintiff for armed robbery. Cannon was the victim; Charles Alonzo the arresting officer; Steve Manning the manager of the Willows Complex where plaintiff lived. Following trial in the Criminal District Court, Mr. Joseph was acquitted, whereupon the instant suit was filed.
The civil suit was tried by a jury in March, 1990 over a period of three days. Cannon was dismissed following his motion for a directed verdict. The trial court found that Officer Alonzo did not commit an intentional tort, and he was dismissed. However, the City was found to be negligent. The jury found the City to be 58% at fault, with the Willows Partnership and Steve Manning 48% at fault for damages in the amount of $260,000.00.
The City of New Orleans and Joseph, also, have appealed.
Original jurisdiction of the appeal vested in the Fourth Circuit Court of Appeal. However, on May 3, 1991, all members of the Fourth Circuit recused themselves via a recusal order signed by all the judges, for the reason that counsel for Mr. Joseph, Charles R. Jones, was recently elected a *899 judge of the Fourth Circuit and the members of that court felt that they should avoid impropriety or the appearance of impropriety. On May 7, 1991, the Louisiana Supreme Court ordered the appeal to be transferred and assigned to this Court of Appeal.
RECORD
The original and duplicate records, consisting of five volumes, the supplemental record (two volumes) and two envelopes of exhibits, were filed in the Office of the Clerk of Court for the Fifth Circuit on May 17, 1991. The case was placed on the regular docket and oral argument was set for October 10, the earliest available date.
Plaintiff, Joseph, now appearing and representing himself, pro se, (in proper person) has, on several occasions, informally complained (both in person and via a letter to the Court) that certain evidence necessary to his cause is missing from the record. In addition, we find that neither the original nor the supplemental record received by this Court conform to the mandatory requirements of the Uniform Rules of Louisiana-Courts of Appeal, Rule 2-1. The record is completely lacking in any resemblance of an index, either chronological or alphabetical, as required under Rule 2-1.4. Also, we are unable to locate any extract of minute entries as required by Rule 2-1.5. Further, the pages in the seven volume record are unnumbered in violation of Rule 2-1.10. Neither are the pleadings filed in any determinable chronological order as required by Rules 2-1.6 — 2-1.8. Finally, the “duplicate” record does not appear to accurately or completely reproduce the original record.
As a result, the staff and judges of this Circuit are obliged to sift through seven volumes of pleadings and transcripts in order to even attempt to locate the necessary record references. To date, this effort has resulted in the waste of substantial time and energy.
As we appreciate it, the rules (particularly Rule 2-1 cited above) were enacted and promulgated for the purpose of facilitating appeals and especially to prevent such a situation as has now been presented to this Court. We find that we are unable to disregard, or even deal with, the present deplorable and lacking condition of the record now before us; and we are particularly concerned with the complaint of Mr. Joseph that he is unable to locate actual portions of the record that he contends should be there and are necessary to his case.
We are aware of the fact that the Fourth Circuit has a local rule, adopted by that court, (namely Rule 4)[1] which permits the Chief Judge to suspend the requirements of Uniform Rule 2-1.4, et seq. with regard to indexing, renumbering, or rearranging documents.
However, we have no such local rule in this Court and, if we did, we would choose not to exercise it in this instance. Of course, since the Supreme Court has transferred and assigned this case to this Circuit, the Clerk of the trial court is now required to conform to the rules of this Circuit and the Uniform Rules, and to deal directly with this Court.
The record in its present form of complete disarray does not enable us to determine whether or not the plaintiff-appellee is referring to missing pleadings or documents which were properly made part of the proceedings. If so, the fact that they are missing certainly renders the record incomplete. If the record is, indeed, determined to be incomplete by the Clerk of the Civil District Court, there are available several possible methods of correction under LSA-C.C.P. art. 2132.[2] As it stands now, *900 however, we are unable to make such a finding.
In any event, from the above observations, it is obvious that this Court cannot possibly proceed to process, handle or adjudicate this appeal at this time. With the record in its present condition it would be impossible to decide the issues correctly or to render substantial justice to any party.
Uniform Rule 2-1.16 states: “It is the responsibility of the clerk of the trial court from which a case is appealed ... to prepare the record for a Court of Appeal.”
Accordingly, in order to effectuate a valid appeal for all litigants in this matter, and in order to provide a workable record that complies with the requisites of law and appellate court rules, it is necessary that we remand the entire case to the district court pursuant to LSA-C.C.P. art. 2161[3] and Uniform Rule 2-1.16, supra.
Therefore, IT IS ORDERED that the entire record in this matter be and is hereby remanded immediately to the district court for indexing, correction and completion, if necessary, in accordance with this opinion and the Uniform Rules of Louisiana-Courts of Appeal, Rule 2-1, et seq. See Guillie v. Dept. of Transp. and Dev., 538 So.2d 1144 (La.App. 5 Cir.1989).
IT IS FURTHER ORDERED that the Clerk of the District Court complete the above and return, refile and again lodge the corrected record with this Court within 60 days from the date of this opinion and in accordance with the requirements of this opinion.
REMANDED.

. Local Rule 4 reads as follows:
The requirements of Rules 2-1.4 et seq. of the Uniform Rules may be suspended by the Chief Judge so as to allow the clerk of the trial court to file the record as originally assembled in his office with the addition of the transcript of testimony if any and without the necessity of rearranging or deleting documents, preparing an index, or renumbering pages of the record.

. LSA-C.C.P. art. 2132 reads as follows:
A record on appeal which is incorrect or contains misstatements, irregularities or in-formalities, or which omits a material part of the trial record, may be corrected even after *900 the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.

. LSA-C.C.P. art. 2161 reads as follows:
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.