WICKER, Judge.
The sole issue on this appeal is whether an exception of prescription was properly maintained by a hearing officer in a claim for worker’s compensation. We remand.
This record is incomplete. While the minutes indicate the exception of prescription was heard November 16, 1990 there is no available transcript of that proceeding. Additionally, there are exhibits included but there is no indication whether these were introduced into evidence at the hearing. There is also no transcript to indicate that the xerox copies before this court were substituted for the originals. A description of these exhibits is especially important since some of the xerox copies supplied to this court are unreadable. In particular the postmark date stamped for the receipts for certified mail is unrecognizable, if indeed the stamp is present. La.R.S. 23:1209(B) concerns prescription and states in part:
the timeliness of the mailing shall be shown only by an official United States Postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof.
There is a copy of a letter dated May 15, 1989 stating its purpose to interrupt prescription. This letter is attached to a copy of a return receipt for certified mail with a stamped delivery date of May 22, 1989. However, there is no evidence connecting this particular letter to this particular return receipt.
Basically, this court is unable to review xerox copies, some of which are unrecognizable, and for which there is no transcript available. We cannot determine whether these were introduced at the hearing as well as the purpose for which they were introduced.
Appellee argues in brief this court should affirm the judgment asserting it was appellant’s burden to require a transcript. Without a complete record we are unable to determine the reason the proceedings were not transcribed. In Guillie v. Dept. of Transp. and Dev., 538 So.2d 1144 (La.App. 5th Cir.1989) at 1146 we declined to accord a presumption of correctness to the proceedings in a case in which we could not determine whether appellant was at fault for the absence of evidence. We held [quoting Versailles Arms Apartments v. Granderson, 377 So.2d 1359 (La.App. 4th Cir.1979) at 1363]:
Normally, when there is no written transcript of testimony, the burden is on the appellant to furnish either a stipulation of fact agreed to between the parties or a narrative of fact by the trial court. C.C.P. art. 2131; Clark v. Richardson, 157 So.2d 325 (La.App.3rd Cir.1963). When appellant fails to do so, there is no basis for the appellate court to determine whether the trial court erred in construing the evidence contrary to appellant’s contentions, and the judgment is usually affirmed on the basis that the appellant failed to overcome the presumption of its correctness. Clark v. Richardson, above. The unusual circumstances under which the record on appeal reached this court in this case, however, [city court trial judge anticipated a trial de novo upon appeal to district court] justifies remanding the case either for retrial or for other correction of the incomplete record pursuant to C.C.P. art. 2161, because the fault cannot reasonably be imputed to the appellant.
La.C.Civ.P. art 2161 provides in part for a remand for retrial or correction of an incomplete record. This record warrants a remand for retrial and the matter is remanded. See Bordes v. Simplex Mfg. Co., 537 So.2d 1217 (La.App. 4th Cir.1989); LeBlanc v. City of New Iberia, 559 So.2d 849 (La.App. 3rd Cir.1990) [appeal from civil service board with no available transcript].
REMANDED FOR RETRIAL.