hCANNELLA, Judge.
In a workers compensation case, plaintiff, James Huffman, appeals from a judgment granting a peremptory exception of prescription filed by defendant, Idora, Inc. We reverse the judgment, but dismiss the case for failure to assert a cause of action and remand.
Plaintiff filed a Disputed Claim for Compensation with the Office of Workers Compensation on June 6, 1990. He contended that he was injured while working for defendant on May 20, 1988. Defendant responded with a form answer filed on July 3, 1990, a peremptory exception of prescription filed on July 13,1990 and a formal answer on July 23, 1990. The exception of prescription was heard on November 16, 1990 and on December 6, 1990. An appeal was taken in case number 92-CA-209 of the Fifth Circuit Court of Appeal. On July 27, 1992, this court remanded for retrial because the record was incomplete. 603 So.2d 267.
Following remand, on April 6, 1993, defendant mailed to the trial judge a lacopy of the previously filed exception of prescription and confirmed the hearing date of June 24, 1993 at 8:30 a.m. The parties stipulated that the matter be submitted on briefs. In opposition to the exception, plaintiff filed a memorandum and attachments. In the opposition, he argued that on May 15, 1989, he sent a letter to the Office of Workers Compensation informing the office that he suffered an injury on May 20, 1988, that he was submitting a Form 1007 (Employer’s Report of Occupational Injury or Disease) to this effect and that the letter was to serve as an interruption of prescription. He asserted that medical reports would be forthcoming. Plaintiff contends that the office subsequently returned the Form 1007, informing him that he needed to complete the new form, which he did. He argues that these documents were sufficient to interrupt prescription and that the Form 1008 (Disputed Claim for Compensation) was an amendment, not a new petition, as argued by defendant. In support of his arguments, plaintiff attached copies of two letters dated May 15, 1989 and June 1, 1989, which his counsel sent to the workers compensation office in Baton Rouge. In addition, he attached copies of two post office receipts showing the receiver to be 'the “Worker’s Comp. Adm.” at their address in Baton Rouge. Delivery dates are marked May 22, 1989 and June 6, 1989, respectively. An unreadable return receipt for certified mail form is also attached. However, at the top of the form someone wrote “Worker’s Comp. Adm.” and the address in Baton Rouge in the “sent to” box. The matter was submitted and judgment was rendered on August 19, 1993. The trial judge again granted the exception of prescription, with written reasons for judgment.
On appeal, plaintiff asserts that the trial judge erred in granting the exception of prescription because the letter of May 15, 1989 and the attached Form 1007, filed with the Office of Workers Compensation in May 1989, interrupted prescription.
|4The trial judge found that the documents did not interrupt prescription because plaintiff did not meet his burden under La.R.S. 23:1310.3 A(l) or R.S. 23:1310.3 C by showing that the claim was either received or mailed prior to the due date of May 20, 1989 and, further, that plaintiff failed to demonstrate a connection between the certified mailing form received by the Office of Workers Compensation on May 22, 1989. The trial judge also determined that the filing of the Form 1007 does not constitute a “petition” or “claim” within the meaning of the workers compensation act.
Plaintiff makes several arguments. Plaintiff first argues that the last date to file the petition, May 20, 1989, was a Saturday. Under La.C.C. arts. 3454 and 3456, legal holidays are not counted in determining the prescriptive period and under La.R.S. 1:55, *1019 Saturday and Sunday are legal holidays. Thus, since the certified return shows that the office of workers compensation received the May 15th letter and form 1007 on May 22, 1989, plaintiff concludes that his claim was filed timely.
Plaintiff next argues that the letter and form were sufficient to constitute a petition because the information required by La.R.S. 28:1310 is contained in the documents. He argues that the law requires the trial court to examine the documents to determine the intent of the party, rather than relying on the technical label of a pleading.
Third, plaintiff contends that defendant admitted in its informal answer to the “Disputed Claim for Compensation” filed in 1990, • that it continued to pay him until he was discharged. As a result, plaintiff contends that he is entitled to Supplemental Earnings Benefits (under La.R.S. 23:1221(3)), since prescription does not begin to run under La.R.S. 23:1209 A., until one year from the date of the last payment.[1]
IsBefore we address plaintiffs issues, we must first determine whether or not he bore his burden of proof that the documents were mailed timely or that the Office of Workers Compensation received the documents timely. The trial judge (and the previous appellate court) found that plaintiff failed to show that the certification form was connected to the May 15, 1989 letter of intent and attachment. Without that connection, plaintiff did not bear his burden of proof and his other arguments are moot.
La.R.S. 23:1209[2] provides a one year prescriptive period for workers compensation claims from date of accident or death, development of the injury, date of last payment in cases of agreement to pay or date of last actual payment. This period is interrupted by the filing of a formal claim, or in the case of actual payments, from the date of last payment. Concerning development of the injury, the time is limited to two years in any event and for disability and supplemental wage benefits, the limitation is three years from the date of last payment. In this case, we are concerned with whether plaintiff filed a formal claim within the year from date of the accident, or, if not, whether he received “payments” of benefits which would extend the prescriptive period to the date of his last payment.
R.S. 23:1209 B. requires a claim to be filed with the Director, Office of Workers’ Compensation, by delivery or by mail addressed to the Office. This provision further states that “The filing of such claims shall be deemed timely when the claim is mailed on or before the prescription date of the claim.”
La.R.S. 23:1310 A. states that once the office has been notified of an accident resulting in more than seven days lost time, if a bona fide dispute arises, either party may file a claim with the Office on a form to be provided by the Director. Mailing the form constitutes the initiation of a claim under R.S. 1623:1209.
R.S. 23:1310.3 B states that the “claim shall set forth the time, place, nature and cause of the injury, the benefit in dispute, and the employee’s actual earnings, if any, ...".
The trial judge also cited paragraph C as follows:[3]
The filing of the answer shall be deemed timely when the answer is mailed on or before the day on which said delays run. If the claim is received by mail on or before the first legal day following the expiration of the due date, there shall be a rebuttable presumption that the claim was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official U.S. postmark or by official receipt of certificate from the United States Postal Service made at the time of mailing which indicates the date thereof. (Emphasis added).
*1020 However, we note that, in 1992, this provision was amended, to substitute the word “answer” for “claim”. Since R.S. 23:1310.3 C and D of the 1992 amendment and paragraph B and D of the previous statute refer to the procedures relating to the answer, we conclude that the 1992 amendment was designed to correct the erroneous reference- to the “claim”, because the paragraph was intended to refer to the procedure of “answering” timely, not filing the claim. Thus, we find that this provision is inapplicable to the filing of the claim and the trial judge erred in relying on R.S. 23:1310.3 C, in effect prior to the amendment in 1992.
In this case, the only evidence as to when the letter and form 1007 was mailed is the postal certificate, which shows the identity of the entity to which the document is being sent, with a receipt date of May 22, 1989. The letter is dated May-15, 1989 and contains the typed designation, “Certified Mail” at the top. |7However, there is no evidence in the record as to when the letter and form 1007 was actually mailed.
Plaintiff contends that even so, the fact that the office received the documents timely, is proof of the timely mailing of the documents. We agree because, according to the return receipt, the documents were received on Monday, May 22nd and May 20th and 21st were legal holidays. In consideration of the liberality afforded workers in compensation cases, as to the connection between the return receipt and the documents, we find that the evidence is sufficient to support the connection. Thus, since defendant was notified timely of the claim, the exception of prescription will be reversed. However, our inquiry does not end here. The next question is whether plaintiffs documents are sufficient to assert a claim.
The form 1007 is a document that the employer uses to report an injury. Plaintiff was the manager for his company and filled out the form himself. This constitutes notice to the Office of Workers Compensation. Data on the form provides all of the information required by La.R.S. 23:1310 B, except the benefits that are being requested. Presuming the Dispute of Claims form 1008 filed in 1990 is an amendment, it does not provide any further information. While we are informed through these documents that plaintiff injured his head on May 20, 1988, when he hit his head on a window while attempting to follow a customer who forgot part of an order (there is no evidence as to what the ñatee of the order was) and that he had two cervical discs removed, plaintiff does not tell the Office of Workers’ Compensation what type of benefits that he seeks. However, this is not a problem of prescription, but is a failure to state a cause of action. When a petition fails to state a cause of action, La. C.C.P. art. 934 requires the court to allow an amendment, when it appears that the petition is susceptible of amendment. For this reason, we grant an exception of no cause of action on ourjgown motion and remand the case to allow plaintiff an opportunity to formally amend the petition.[4]
Accordingly, the judgment granting the exception of prescription is hereby reversed. On our motion we dismiss the case on the basis that plaintiff has failed to assert a cause of action. The case is remanded for the trial judge to allow plaintiff an opportunity to amend the petition to assert a cause of action, if he can, within delays to be set by the trial judge.

JUDGMENT REVERSED; CASE DISMISSED, AND REMANDED.

. In certain cases, the time period is three years from date of last payment.

. The statutes cited are those that were in effect in 1988, the time of the alleged accident.

.Paragraph C and D of R.S. 23:1310.3 were added effective January 1, 1990. However, the act declared that claims for benefits, other than for medical benefits, arising between 1983 and enactment of these new provisions would be resolved according to these procedures.

. Because of our finding, we do not address the question of whether prescription was interrupted due to the payment of wages in lieu of benefits.