# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**24-296**


**LEAH MICHELLE THOMAS,**
**INDIVIDUALLY AND ON BEHALF OF**
**HER MINOR CHILDREN,**
**JAMES NELSON THOMAS, IV, AND**
**HALLE MARIE THOMAS**

**VERSUS**

**BUREAU OF INVESTIGATION**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DIVISION 3
PARISH OF CALCASIEU, NO. 23-04025
THOMAS E. TOWNSLEY, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**SHARON DARVILLE WILSON**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Candyce G. Perret, Jonathan W. Perry, and Sharon Darville Wilson, Judges.


**AFFIRMED.**

**Liz Murrill, Attorney General**
**Jeannie C. Prudhomme, Assistant Attorney General**
**Louisiana Department of Justice**
**Litigation Division**
**556 Jefferson Street, 4th Floor**
**Lafayette, Louisiana  70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **State of Louisiana, Department of Public Safety and Corrections,**
  **Office of State Police Bureau of Investigation**

**J. Michael Stefanski**
**EDWARDS, STEFANSKI & ZAUNBRECHER, LLP**
**Post Office Drawer 730**
**Crowley, Louisiana  70527-0730**
**(337) 783-7000**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Leah Michelle Thomas, Individually and On Behalf of Her Minor**
  **Children, James Nelson Thomas, IV, and Halle Marie Thomas**

**WILSON, Judge.**

Leah Michelle Thomas (Mrs. Thomas) appeals the dismissal of her suit to recover workers' compensation benefits after the death of her husband. We affirm.

## I.

## ISSUES

Mrs. Thomas asserts the following assignments of error:

1. The WCJ legally erred in granting the Defendant/Appellee's Exception of Prescription because it concluded that the employer's filing of a 1002 Notice of Controversion did not interrupt the prescriptive period despite the plain language of the applicable statutes.

2. The WCJ legally erred when it concluded [that] the judicially created doctrines of estoppel and/or *contra non* [*valentem*] were inapplicable to interrupt prescription where Plaintiff/Appellant was lulled into believing her "claim" for death benefits was filed and under review for payment and where Plaintiff/Appellant filed her 1008 Claim for Compensation upon learning that her claim had been denied with no prior notice to her.

## II.

## STANDARD OF REVIEW

"If evidence is introduced at the hearing on the peremptory exception raising the objection of prescription, the [Office of Workers' Compensation] judge's findings of fact are reviewed under the manifest error or clearly wrong standard of review." *Morse v. La. Veterinary Referral Ctr., LLC*, 21-965, p. 5 (La.App. 1 Cir. 2/25/22), 340 So.3d 1130, 1133. "The manifest error appellate standard of review applies even 'when the evidence before the trier of fact consists solely of written reports, records and depositions.'" *Oil Ins. Ltd. v. Dow Chem. Co.*, 07-418, p. 7 (La.App. 1 Cir. 11/2/07), 977 So.2d 18, 23 (*quoting Virgil v. Am. Guarantee & Liab. Ins. Co.*, 507 So.2d 825, 826 (La.1987) (per curiam), *writ denied*, 07-2319 (La. 2/22/08), 976 So.2d 1284.

Mrs. Thomas, however, argues that a de novo review is required because the issue of whether the workers' compensation judge (WCJ) properly interpreted and applied La.R.S. 23:1209(A) and 23:1310, et seq., is a question of law. *Lafayette Care Ctr. v. Mouton*, 14-455 (La.App. 3 Cir. 8/13/14), 146 So.3d 913.

**III.**

**FACTS AND PROCEDURAL HISTORY**

James Nelson Thomas, III (Mr. Thomas), was employed as an investigator with the State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police, Bureau of Investigation (DPSC). On or about January 6, 2022, Mr. Thomas was conducting interviews and executing search warrants in connection with his investigation of a fentanyl and heroin distribution organization in Jefferson Davis and Calcasieu Parishes. On January 10, 2022, Mr. Thomas tested positive for Covid-19 and was sent home to recuperate. On January 21, 2022, Mr. Thomas was taken to Jennings American Legion Hospital by ambulance. Later that same day, Mr. Thomas suffered a myocardial infarction, alleged to be a direct result of the Covid-19 infection, and died. Mr. Thomas was thirty-four years old and left behind a wife and two young children.

Following Mr. Thomas' death, Mrs. Thomas began working with the DPSC to obtain death benefits. On February 4, 2022, DPSC filed a First Report of Injury, Form 1007, with the OWC, alleging that Mr. Thomas contracted Covid-19 while in the performance of his duties executing search warrants and conducting interviews that required him to be in close contact with multiple subjects who were positive for Covid-19. On February 8, 2022, Ashley Barrow (Ms. Barrow), a claims examiner with Sedgwick Claims Management Services (Sedgwick), sent a Notice of Modification, Suspension, Termination, or Controversion of Compensation and/or

Medical Benefits, Form 1002, to Mrs. Thomas to notify her that DPSC was disputing whether the claim was compensable pending an investigation into the exposure, diagnosis, disability, and death of Mr. Thomas. The notice was mailed to Mrs. Thomas' home address, and a copy was filed with the OWC. On April 20, 2022, Ms. Barrow sent a letter to Mrs. Thomas' home address to notify her that the claim for benefits was denied. That letter stated: "After careful consideration of all available information, it is our opinion that your claim for Workers' Compensation benefits is not compensable."

On July 27, 2023, approximately eighteen months after Mr. Thomas' death, Mrs. Thomas filed a Disputed Claim for Compensation, Form 1008,[1] with the OWC. She also filed a separate Petition for Workers' Compensation Benefits in which she averred that she did not receive the Form 1002 until March 17, 2023. The petition further alleged that Mrs. Thomas had no mailbox at her residence and that she received all of her mail at the post office. Finally, the petition alleged that pursuant to La.R.S. 23:1310.3, the filing of the Form 1002 on February 8, 2022, constituted the initiation of a claim such that her filing of the 1008 on July 27, 2023, was timely and not prescribed. In response, DPSC filed an exception of prescription.

The exception of prescription came for hearing on January 10, 2024. The WCJ granted the exception in open court, and a judgment granting the exception and dismissing the claim with prejudice was signed on February 8, 2024. Mrs. Thomas filed a motion for re-hearing, which was denied without a hearing. This timely appeal followed. For the reasons discussed below, we affirm the WCJ's judgment

---

[1] DPSC and Sedgwick were named as defendants, but Sedgwick was dismissed on the motion of Mrs. Thomas on October 9, 2023. The case was initially filed in East Baton Rouge Parish, OWC District 5, but it was transferred to Calcasieu Parish, OWC District 3, on OWC District 5's own motion on November 3, 2023.

granting the exception of prescription and dismissing Mrs. Thomas' claim with prejudice.

## IV.

## LAW AND DISCUSSION

"Ordinarily, the party pleading prescription bears the burden of proving the claim has prescribed. However, when the face of the petition reveals that the plaintiff's claim has prescribed, the burden shifts to the plaintiff to demonstrate that the running of prescription was suspended or interrupted." *Morse*, 340 So.3d at 1133. Although Mrs. Thomas was present in court on the day of the hearing on the exception of prescription, she did not testify.

The prescriptive period for a workers' compensation claim is set forth in La.R.S. 23:1209(A)(1):

> In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.

Louisiana Revised Statutes 23:1310(A) states that "[i]f, at any time after notification to the office of the occurrence of death or injury resulting in excess of seven days lost time, a bone fide dispute occurs, the employee or his dependent or the employer or insurer may file a claim with the state office[.]" Furthermore, La.R.S. 23:1310.3(A) states that "[a] claim for benefits, the controversion of entitlement to benefits, or other relief under the Workers' Compensation Act shall be initiated by the filing of the appropriate form with the office of workers' compensation administration." Louisiana Administrative Code Title 40, Part I, Section 5507 states that: "'Form LWC-WC-1008' shall be the form to initiate a claim or dispute arising

out of chapter 10 of title 23 of the *Louisiana Revised Statues* of 1950[,]" with certain exceptions, none of which are applicable in this case.

Mrs. Thomas' counsel argued that Mrs. Thomas did not receive the Form 1002 or the April 20, 2022 letter. Her counsel argued that the last communication that Mrs. Thomas received was an April 1, 2022 email from Ms. Barrow, who stated that Sedgwick "had received all information needed and the claim is just waiting to be approved/denied." It is alleged that Mrs. Thomas reached out to Ms. Barrow on March 17, 2023, and was referred to an adjuster, Nicole Palacios (Ms. Palacois), who forwarded the Form 1002 and April 20, 2022 letter to Mrs. Thomas. It is further alleged that on April 26, 2023, Mrs. Thomas contacted Ms. Palacios to inquire about an appeal of the denial of her claim. When she received no further information, Mrs. Thomas hired an attorney and filed the Form 1008.

Mrs. Thomas asserts that the filing of the Form 1002 by DPSC interrupted prescription and that she was lulled into believing that her claim for death benefits had not been denied but was simply under review for payment. DPSC argues that only the filing of a Form 1008 interrupts prescription regarding claims made under La.R.S. 23:1310 and that the filing of a Form 1002 did not interrupt prescription under La.R.S. 23:1209. DPSC further argues that Mrs. Thomas did not establish that DPSC lulled her into a false sense of security regarding the receipt of benefits such that she was prevented from timely filing suit. According to DPSC, all communication indicated that benefits might be denied such that it cannot be said that Mrs. Thomas was lulled into a false sense of security.

In granting the exception of prescription, the WCJ expressly rejected Mrs. Thomas' argument that when La.R.S. 23:1310(A) and 1310.3(A) are read together, she timely filed suit because DPSC's filing of Form 1002 on February 8, 2022, to

dispute her entitlement to benefits was the initiation of a claim that interrupted prescription under La.R.S. 23:1209. Mrs. Thomas asserts that an employer can institute a claim to controvert the entitlement to benefits under La.R.S. 23:1310.3 and that this should be sufficient to interrupt prescription in favor of the employee. She cites no cases in support of this assertion, and we have found none.

> In granting the exception of prescription, the WCJ reasoned:

> The mandatory filing of a 1002 form or the mandatory filing of a 1007 form I[,] unfortunately[,] do not believe interrupts prescription of the claim because those are mandatory required forms that must be filed to comply with the statute[,] and if I were to find that that interrupted in this case, then unfortunately it - - then it would mean that every single case is interrupted[,] and the employer can never have a prescription issue, which I don't believe was the intention of the legislature.

The WCJ relied on *Huffman v. Idora, Inc.*, 94-721 (La.App. 5 Cir. 2/15/95), 652 So.2d 1017. In that case, the fifth circuit reversed the granting of an exception of prescription (but dismissed the case on its own motion based on its finding that the plaintiff failed to assert a cause of action). With respect to the prescription issue, the court stated that the defendant was timely notified of the claim by the plaintiffs mistakenly filing a Form 1007, which provided all of the information required by La.R.S. 23:1310(B), rather than a Form 1008. The court noted that the plaintiff was also the manager of his company. On rehearing, the court clarified its holding:

> We have granted the rehearing solely to address appellee's argument that our holding will cause prescription to be interrupted in all claims for workers compensation that the employer files the Employer's First Report of Injury, form number LDOL–WC–1007. We intended no such result and consequently clarify our holding to apply solely to the particular facts of this case.

> Here, the injured party was also the manager of the business. As manager, it was his responsibility to fill-out and mail the appropriate form (1007) to notify the workers compensation office that an injury had occurred. Although he filled out the wrong form (1007) to assert a claim, it is clear from the form and the letters that he filed with the form and subsequently, that he intended and believed that he had filed the

6

necessary documents to interrupt prescription. Workers Compensation claimants are treated with liberality in consideration of the litigation rights that they have given up in exchange for a speedy resolution of their claims for injuries. We do not believe that a technical interpretation of pleadings serves the interest of the worker or the employer. Thus, we will not reverse or modify our decree.

*Huffman*, 652 So.2d at 1020–21.

We find, as did the WCJ, that the filing of Form 1002 by DPSC did not interrupt prescription for Mrs. Thomas' claim. Furthermore, we find no manifest error in the WCJ's factual finding that there was no attempt by DPSC or the administrators handling the claim to lull Mrs. Thomas into a false sense that the claim was still being investigated or that it would remain open past the one year.

## V.

## CONCLUSION

For all the foregoing reasons, we affirm the dismissal of the claim of Leah Michelle Thomas on the basis of prescription. All costs of this appeal are assessed to Plaintiff/Appellant, Leah Michelle Thomas, Individually and on behalf of her minor children, James Nelson Thomas, IV, and Halle Marie Thomas.

**AFFIRMED.**